JOHNSON, Judge.
This is an appeal by the defendant from an adverse judgment based on a jury verdict.
The appellee and the appellant are both licensed real estate brokers, located in Tallahassee. The appellee was the sole stockholder of Real Estate Marketers, Inc., which corporation was the Federal Housing Administration’s Area Management Broker for the Tallahassee area. The appellee was also the owner of a business that did repair and/or reconditioning of houses, especially the houses repossessed by the Federal Housing Administration.
The appellant was at odds with the ap-pellee and found fault with appellee’s method of doing business, as related to the Federal Housing projects and wrote various letters to the Federal Housing Administration officers in Jacksonville, Florida, and Washington, D. C. as well as the Florida Real Estate Commission and the local realty organization. The predominant allegations in these letters were to the effect that the appellee was guilty of fraud, violations of FHA regulations, improper practices and unethical business deals, and requesting that appellee be stopped.
The appellee’s complaint for damages against the appellant alleged inter alia that appellee’s business income had been reduced, his reputation damaged and that the same constituted libel by reason of these letters and accusations.
Also, that such statements were written and published by the defendant (appellant) with malicious intent, knowing the said statements to be false. Compensatory as well as punitive damages were prayed for.
The case was tried before a jury, which rendered a verdict in favor of the plaintiff (appellee), in the amount of $5,000.00 compensatory damages and $2,000.00 punitive damages. Post trial motions for a new trial and judgment n. o. v. were denied and final judgment entered based on the verdict. It is from this judgment this appeal is made.
Appellant contends, inter alia, that the court erred in denying his motion for a directed verdict, as well as his motions for new trial and judgment n. o. v. From a review of the record, we find there was sufficient material evidence upon which reasonable men could differ and also, sufficient evidence, if believed by the jury, to support the conclusion reached by the jury.
Next, the appellant contends that the Court erred in allowing certain alleged speculative testimony as to future loss of profits to be admitted in evidence as well as in giving the jury instructions thereto, as well as on the matter of punitive damages. We find no substantial merit in the contention that speculative losses were allowed to be shown. In this case there was a definite showing of reduction of income from the source attacked by the appellant and we think it was properly before the jury as an element of damages to be considered.
As to the charge on punitive damages, the court has already found and instructed the jury that certain statements contained in the letters were injurious in character and would be considered by reasonable men to have a tendency to injure the plaintiff in his business. The court had also instructed the jury on the question of malice in the writing of the letters and that in order for the plaintiff to prevail, such malice must *545 be found to exist, taking’ into consideration all the facts and circumstances.
The court instructed the jury to the effect that if it found from a preponderance of the evidence that the statements complained of were false and were made in a willful and malicious manner, then said jury should award punitive damages. The use of the words “will award” punitive damages, standing alone as the only instruction on this question, might be objectionable, but when considered in the light of all the instructions given pertaining to the evidence and its value, especially in view of the fact that the court had judicially determined that portions of the letters were injurious, removes the objectionable feature of such charge.
The court had also instructed the jury in another charge, that if it found from the evidence that plaintiff was entitled to recover, then plaintiff is entitled to recover such compensatory damages as * * * and “punitive damages if you find plaintiff is entitled to punitive damages.” Therefore, we do not find reversible error in these charges to the jury.
Further, it does not appear that timely objection was made to the charges to the jury, nor was the motion for a directed verdicte renewed at the conclusion of all the evidence, hence the right to complain of this is waived.[1] However, we are of the opinion, and so hold, that the court did not err in finding that certain statements were libelous per se. This court, speaking through the late Judge Wallace E. Sturgis, in Hevey v. News-Journal Corporation,[2] said:
“A publication is libelous per se if, inter alia, it imputes to another conduct, characteristics, or a condition incompatible with the proper exercise of his lawful business, trade, profession or office.”
Viewing the record as a whole in this case, after carefully considering all the points raised by the appellant as error, we fail to find reversible error and therefore, the judgment appealed from is affirmed.
WIGGINTON, C. J., and SPECTOR, J., concur.

. 6551 Collins Avenue Corp. v. Millen, 104 So.2d 337 (Fla.1958); City of Pompano Beach v. Edwards, 129 So.2d 144 (Fla.App.2d 1961).

. Hevey v. News-Journal Corporation, 148 So.2d 543 (Fla.App.1st, 1963).