217 So.2d 871 (1969)
Harry C. KIRBY, Appellant,
v.
Eugene E. SPEIGHT, Appellee.
No. J-337.
District Court of Appeal of Florida. First District.
January 23, 1969.
*872 Carl R. Pennington, Jr., and F. Perry Odom, of Ervin, Pennington, Varn & Jacobs, Tallahassee, for appellant.
Rufus O. Jefferson and Harry Mitchell, Tallahassee, for appellee.
CARROLL, DONALD K., Judge.
The plaintiff in an action in libel has appealed from an order entered by the Circuit Court for Leon County amending and clarifying its final judgment.
The chief question presented for our determination in this appeal is whether the said court erred in entering the order appealed from in view of the timetable of events set forth below.
The timetable of dates pertinent to this consideration is as follows: On November 2, 1966, a final judgment was rendered in this cause in favor of the plaintiff in the amount of $7,278.60, including costs. The defendant appealed from this judgment to this court, and we affirmed the judgment. See Speight v. Kirby, Fla.App., 204 So.2d 543 (1967). On November 17, 1966, the defendant assigned to his attorneys certain shares of stock. The plaintiff petitioned the court to set aside this transfer of stock, and on June 16, 1967, the court entered an order holding that the transfer was void and ordering the sheriff of the said county to take those shares of stock in execution of the judgment rendered in the cause. Thirty-two days later, on July 18, 1967, the defendant filed a "motion for clarification," seeking to impress an attorney's lien on the stock prior to the levy and execution.
On October 11, 1967, the court entered the order appealed from herein, re-affirming that the said transfer of stock was void but ruling that the defendant's attorneys had a holding lien in the amount of $1,500 superior to the lien of the plaintiff's judgment. In this order the court declared that a hearing was held on the defendant's motion for clarification and held that the previous order of June 16, 1967, "is hereby clarified and on the court's own motion is modified," as stated above.
In other words, the defendant filed a motion to clarify the order of June 16, 1967, thirty-two days after that order was entered, and the Circuit Court clarified and modified that order nearly four months after that order was entered.
As we interpret the applicable court rules, the court had no authority to enter the order appealed from.
The defendant was too late in filing his motion for clarification, which was the equivalent of a motion for a rehearing, in view of subdivision (b) of Rule 1.530, Florida Rules of Civil Procedure, 31 F.S.A., which provides that a motion for rehearing shall be served within ten days after the rendition of judgment. If the order appealed from is considered as based upon the court's own motion, the following provision of subdivision (d) of that rule would be applicable:
"Not later than ten days after entry of judgment or within the time of ruling on a timely motion for a rehearing or a new trial made by a party, the court of its own initiative may order a rehearing or a new trial for any reason for which it might have granted a rehearing or a new trial on motion of a party."
The only other provision of the Florida Rules of Civil Procedure that could possibly *873 be considered as authorizing the entry of the order appealed from is subdivision (b) of Rule 1.540, relating to relief from judgments, decrees, and orders on account of mistakes, inadvertence, excusable neglect, newly discovered evidence, and fraud, and providing that a motion based on any of these reasons shall be made within a reasonable time and not more than one year after the judgment, decree, order or proceeding was entered or taken. In our opinion, the foregoing provision does not authorize the entry of the order appealed from because the reasons justifying relief under Rule 1.540 are not present in the case at bar.
The Supreme Court of Florida pointed out in Kippy Corporation v. Colburn, 177 So.2d 193 (1965), that "* * * motions and petitions for correction of error by the trial court must be made within the time prescribed by rule or statute * * *. Unless a proper motion or petition is filed within the allotted time the order becomes absolute and except as provided by the rules * * * the trial court has no authority to alter, modify, or vacate the substance of the order."
Similarly, in Mid-State Homes, Inc. v. Ritchie, Fla.App., 181 So.2d 725 (1966) we held that, where a motion to set aside a decree was filed too late under the rules, the court lost jurisdiction to act upon the motion. To the same effect see our decision in McDaniels v. McDaniels, Fla.App., 180 So.2d 467 (1965). Since both the defendant's motion for clarification and the court's own motion for clarification and modification were unauthorized under the applicable rules, the court lacked jurisdiction to enter the order appealed from, we must, of course, reverse.
In rendering this opinion and judgment, we do not consider or pass upon the merits of the controversy concerning the shares of stock, as discussed earlier in this opinion.
Therefore, the order appealed from must be and it is reversed, and the cause is remanded with instructions for further proceedings consistent with the views set forth above.
Reversed and remanded with directions.
WIGGINTON, C.J., and RAWLS, J., concur.