515 So.2d 308 (1987)
Nona MAYNARD, Appellant,
v.
James Thomas MAYNARD, Appellee.
No. 87-1235.
District Court of Appeal of Florida, Third District.
November 3, 1987.
Marsha B. Elser, Susan A. Perkins and Cynthia Greene, Miami, for appellant.
Finley, Kumble, Wagner, Heine, Underberg, Manley, Myerson & Casey and J. Michael Nifong, Bonnie L. Cooper, and Gregory Borgognoni, Miami, for appellee.
Before HENDRY, FERGUSON and JORGENSON, JJ.

ON MOTION TO DISMISS
JORGENSON, Judge.
James Maynard has moved this court pursuant to Florida Rule of Appellate Procedure 9.300 to dismiss as premature an appeal filed by his ex-wife Nona from a final order of the trial court dissolving the marriage and equitably distributing marital assets. The trial court had signed the final judgment on April 17, 1987, and the judgment was filed with the clerk of the circuit court on April 20, 1987. Pursuant to Florida Rule of Civil Procedure 1.530(g), James timely filed a motion to amend the final judgment on April 30, 1987. On May 15, 1987, Nona filed a notice of appeal from the final judgment with this court. The trial court refused to entertain James's motion to amend on the ground that it no longer had jurisdiction over the matter in view of Nona's notice of appeal. We conclude that Nona's appeal should abate *309 pending the trial court's disposition of James's motion to amend the final judgment. While Nona had a valid right to appeal once the final judgment was rendered, James was also procedurally correct in timely moving to amend the final judgment.[1] Notwithstanding Nona's notice of appeal, the trial court had jurisdiction to consider the motion to amend. See Sky Lake Gardens Recreation, Inc. v. District Court of Appeal, Third District, 511 So.2d 293 (Fla. 1987) (where there has been timely motion to amend final judgment, date of rendition of amended final judgment is date of disposition; appeal was therefore timely).
Accordingly, we abate the appeal and remand for the trial court's disposition of the motion to amend the final judgment.[2]
NOTES
[1] We note that this case does not present a situation where a party files both a post-trial motion and a notice of appeal. Cf. Ferrara v. Belcher Indus., 483 So.2d 477 (Fla. 3d DCA 1986) (trial court was without jurisdiction to rule on defendants' motion for relief from judgment where defendants filed notice of appeal from final judgment prior to trial court's hearing its motion for relief from judgment); Brumlik v. Catalyst Inc., 463 So.2d 240 (Fla. 5th DCA 1984) (filing of notice of appeal prior to disposition of motion for rehearing constituted abandonment of motion for rehearing).
[2] This result is consistent with Williams v. State, 324 So.2d 74 (Fla. 1975); In the Interest of R.N.G., C.A.G., and S.E.G., 496 So.2d 988 (Fla. 1st DCA 1986); Leopard v. State, 489 So.2d 859 (Fla. 1st DCA 1986).