552 So.2d 248 (1989)
Joseph G. CHIAFAIR, Appellant/Cross-Appellee,
v.
Gisele H. CHIAFAIR, Appellee/Cross-Appellant.
No. 89-272.
District Court of Appeal of Florida, First District.
November 2, 1989.
Rehearing Denied December 5, 1989.
*249 Thomas D. Treece, Jacksonville, for appellant/cross-appellee.
Joel L. Goldman and Mary Beth Stephenson, of Goldman, Presser, Nussbaum & Stephenson, Jacksonville, for appellee/cross-appellant.
WIGGINTON, Judge.
Appellant appeals and appellee cross-appeals the amended final judgment of dissolution of the parties' marriage. We reverse in part and remand for further proceedings.
The parties married in 1975 and separated in 1987. They have two children, who are now approximately 11 and 8 years old. In the original final judgment, Judge Wilkes awarded appellee primary residential custody of the children and ordered shared parental responsibility, with liberal visitation rights to appellant. He directed that appellant pay $1,200 per month child support and awarded appellee rehabilitative alimony for 18 months or until she remarries. He ordered distribution of the parties' property, which included the transfer to appellee of the marital home and the transfer to appellant of his office condominiums and dental practice.
Appellant filed a general motion for rehearing. Appellee also filed a motion for rehearing challenging the restriction that she not move the residence of the children from Duval County, the equitable distribution award, the alimony and child support awards and the attorney's fee award. Due to the transfer of Judge Wilkes to another county within the circuit, Judge Parsons was appointed to rule upon the motions. At the motion hearings, the attorneys for both parties consented to Judge Parsons ruling thereon. Therefore, appellee's objection on cross-appeal to Judge Parsons entertaining the motions for rehearing has been waived.
At the motion hearings, appellee informed the court that she has remarried since entry of the final judgment and asked the court to entertain her motion to move the children to her new husband's location in Minnesota. On appeal, she informs this court that she no longer desires to move to Minnesota since her new husband's job as an airline pilot has now located him in Orlando. However, she maintains her opposition to a restriction upon her moving the children away from Duval County.
In his amended final judgment, the judge determined that the move to Minnesota is not in the best interest of the children. He thereupon ordered shared parental responsibility of the children, and provided that the children shall reside in the former marital home in Duval County with each parent living in the home on an alternate monthly basis. He directed that the parties will own the marital home as tenants in common and appellant will pay, as child support, all expenses to maintain the home, as well as private school expenses for the children through high school.
Neither party requested the parental rotating custody arrangement ordered by the trial judge and both parties raise challenges to the amended final judgment in that regard. Appellant asserts that the court erred in requiring him to pay the expenses of private school for the children through high school and of the former marital home during appellee's alternating sole use and possession thereof with her new husband and the children. Appellee challenges the arrangement, asserting that neither motion for rehearing requested a *250 change of custody and no evidence was presented to warrant removing her as the primary residential parent. She further claims error in the court's amendment of the original final judgment by no longer requiring appellant to pay child support to enable her to provide for the children during her months with them, especially considering that she is unable to work since she will be living one month in Orlando with her new husband and one month in Jacksonville with the children. She also challenges the court's refusal to permit her to leave Duval County with the children.
We agree with appellee/cross-appellant that the motions for rehearing neither formulated a custody change request nor opened the possibility of the parental rotating custody arrangement that was ordered by the court on rehearing. Further, no evidence was presented at rehearing to create a custody change issue or to support the arrangement ordered. As shown by the numerous points on appeal raised by both parties challenging almost every aspect of the resolution of the issues, this case does not qualify as one of those special instances, such as perhaps was present in Gerscovich v. Gerscovich, 406 So.2d 1150 (Fla. 5th DCA 1981), in which a nontraditional rotating custody arrangement can work in the best interest of the children. As noted in In the Interest of S.M.H., 531 So.2d 228 (Fla. 1st DCA 1988), rotation of the physical residence of children is presumptively not in their best interest. Even more so, rotation of estranged and hostile parents into and out of the same home on a monthly basis does not provide the stable home environment contemplated by the provisions of Section 61.13, Florida Statutes. Therefore, we reverse the parental rotating custody arrangement ordered by the court for the reasons that the motions for rehearing did not open the door for a custody change and the particular arrangement ordered is not acceptable in Florida except under special circumstances which are not present here. Gerscovich, S.M.H.
We do not view wife's motion for a change of the children's residence outside of Duval County as sufficient to have placed change of primary residential custody into issue. Compare the discussion of the standards to be applied in such relocation questions, as set forth in Hill v. Hill, 548 So.2d 705 (Fla. 3d DCA 1989), especially Judge Schwartz's specially concurring opinion.
Reversal of the amended final judgment on the custody arrangement changes the entire scope of the support issues, as well as the equitable distribution, relocation and attorney's fees questions. Thus, the amended final judgment is reversed and this cause is remanded with directions that an amended final judgment be entered dissolving the bonds of marriage nunc pro tunc as of the date of the final judgment and awarding primary residential custody of the children to wife, and for further evidentiary proceedings to resolve the remaining issues. We recognize that due to changed circumstances since entry of the final judgment and the amended final judgment, the issues before the trial court on remand may not be identical to those previously considered. Reconsideration of all pertinent issues, except for dissolution of the marital bonds and primary residential custody, is necessary.
Reversed in part and Remanded for further proceedings consistent with this opinion.
SHIVERS, C.J., and WENTWORTH, JJ., concur.