616 So.2d 165 (1993)
Lydia PENALBA, Appellant,
v.
Louie PENALBA, Appellee.
No. 92-2346.
District Court of Appeal of Florida, Third District.
March 30, 1993.
*166 David J. Glantz, Miami, for appellant.
Lilliana Torreh-Bayouth, Miami, for appellee.
Before SCHWARTZ, C.J., and JORGENSON and LEVY, JJ.
PER CURIAM.
Lydia Penalba appeals from an order by which the trial court, sua sponte, vacated its final judgment adopting the report of the general master in a dissolution of marriage proceeding. For the following reasons, we reverse.
On July 9, 1992, the trial court entered a final judgment dissolving the parties' marriage and adopting the report of the general master, which had been filed June 15, 1992. On July 16, the husband served exceptions to the report and moved to vacate the final judgment. On September 8, 1992, the trial court overruled the exceptions and denied the motion to vacate. On September 24, the trial court, on its own initiative, vacated the final judgment of July 9 and its order of September 8 overruling the husband's exceptions to the general master's report.
The trial court lacked jurisdiction to vacate the final judgment. Fla.R.Civ.P. 1.530 provides that "[n]ot later than 10 days after entry of judgment or within the time of ruling on a timely motion for rehearing ... the court of its own initiative may order a rehearing or a new trial." The order was not timely, and therefore cannot stand. See Kirby v. Speight, 217 So.2d 871 (Fla. 1st DCA 1969) (on its own motion, court could not modify order after ten-day period specified by Fla.R.Civ.P. 1.530 had elapsed).
Reversed and remanded with instructions to reinstate the final judgment.