JOANOS, Judge.
This is an appeal from an order partially modifying a final judgment of dissolution of marriage, in which the court, on its own initiative, within the time for ruling on a timely filed motion for rehearing, changed its ruling on the issue of the award of attorney’s fees, based on a finding that the parties are left with equal income and neither has the ability to pay the other’s fees. Appellant alleges that the trial court erred by sua sponte reversing its judgment that the appellant was entitled to have her attorney’s fees paid. We affirm for the reason that rule 1.530(d), of the Florida Rules of Civil Procedure, authorizes the action taken within the time period provided by the rule.
Appellant has cited Chiafair v. Chiafair, 552 So.2d 248 (Fla. 1st DCA 1989). Chiafair is clearly distinguishable. The Chiafair panel did not discuss the effect of the rule nor apparently consider it. More importantly, Chiafair involved a situation in which, unrequested, a trial court altered the manner of child custody to a non-traditional parental rotating custody arrangement, never sought by either party, and which was unfavored by both parties, without giving the parties a chance to be heard on the matter. In the present case, the parties did, at some point in the case, have an opportunity to be heard on the question of a fee award. The appellate court in Chiafair further determined that under Florida law, the system ordered by the trial court was not justified. The modification made by the court on its own initiative in the present case was not so far reaching in effect, and is supported by the record.
AFFIRMED.
BOOTH and VAN NORTWICK, JJ., concur.