974 So.2d 627 (2008)
CORZO TRUCKING CORP., Obdulio Corzo and Rita Corzo, Appellants,
v.
Bob WEST, individually and d/b/a West Enterprises, Richard Douse and Nancy Douse, Appellees.
No. 4D07-846.
District Court of Appeal of Florida, Fourth District.
February 27, 2008.
*628 Arthur J. Morburger, Miami, and Carl M. Collier, Lake Worth, for appellants.
No brief filed on behalf of appellees.
WARNER, J.
The trial court entered an order denying a motion to vacate a default judgment on January 18, 2007. On January 31, 2007, it entered an order granting the same motion. The appellants appeal, contending that the trial court lost jurisdiction to enter the January 31st order, as it was entered more than ten days after the order of denial. We agree and reverse.
Assuming that the trial court intended to reverse itself on the motion to vacate the default judgment, it had to do so within ten days of the original order. In Jared v. Jackson, 483 So.2d 51 (Fla. 4th DCA 1986), we explained,
Once a final judgment has been rendered and the time for filing a petition for rehearing or motion for new trial has passed the court loses all jurisdiction over the cause other than to see that proper entry of the judgment or decree is made and that the rights determined and fixed by it are properly enforced,
Id. at 52 (quoting Seddon v. Harpster, 438 So.2d 165, 168 (Fla. 5th DCA 1983)),
Because the court's January 31st order was entered sua sponte, not pursuant to a motion, Florida Rule of Civil Procedure 1.530(d) also applies:
On Initiative of Court. Not later than 10 days after entry of judgment or within the time of ruling on a timely motion for a rehearing or a new trial made by a party, the court of its own initiative may order a rehearing or a new trial for any reason for which it might have granted a rehearing or a new trial on motion of a party.
The Third District applied this rule to similar facts in Penalba v. Penalba, 616 So.2d 165 (Fla. 3d DCA 1993). The trial judge entered a final judgment dissolving the parties' marriage on July 9, 1992 and adopting the general magistrate's report filed on July 15th. On July 16th, the former husband served exceptions to the report and filed a motion to vacate. The trial court denied the motion and rejected the exceptions in an order entered September 8th. However, on September 24th, the trial court, sua sponte, vacated the July 9th final judgment and the September 8th order.
On appeal, the court held that the trial court lacked jurisdiction to enter the September 24th order, because it was not entered within the ten days provided in rule 1.530. See also Roosa v. Roosa, 519 So.2d 1108, 1109 (Fla. 4th DCA 1988) ("When the time expired for filing a petition for rehearing . . . the Florida court lost jurisdiction of the case.").
The facts in this case are similar to those in Penalba. The court originally entered an order denying a motion to vacate the final judgment. Subsequent to the deadline for rehearing stated in rule 1.530, the trial court entered an order, sua sponte, granting the motion it had previously denied. In both cases, the courts acted without jurisdiction.
For these reasons, we reverse the January 31st order of the trial court.
FARMER and GROSS, JJ., concur.