997 So.2d 1272 (2009)
CORVETTE COUNTRY, INC., a foreign corporation, Bob Caruso, and Robert Russo, d/b/a Billy Bob's Inc., Appellants,
v.
Carlo LEONARDO, Appellee.
No. 4D08-2985.
District Court of Appeal of Florida, Fourth District.
January 5, 2009.
*1273 Cory S. Robins of Schwartz Zweben and Robins LLP, Hollywood, for appellants.
John G. George of The George Law Group, P.A., Fort Lauderdale, for appellee.
DAMOORGIAN, J.
Corvette Country, Inc., Bob Caruso, and Robert Russo, d/b/a Billy Bob's Inc. (the defendants) appeal the trial court's June 23, 2008 order vacating its July 10, 2007 final order dismissing the case without prejudice. We reverse because the trial court lacked jurisdiction to sua sponte vacate the July 10 final order more than ten days after its entry.
In June of 2007, the trial court issued a Motion and Notice of Hearing for Dismissal because the plaintiff failed to perfect service of process after being granted several extensions of time to do so. When the plaintiff failed to appear at the hearing or otherwise show good cause as to why the case should not be dismissed, the trial court issued a final order on July 10, 2007, dismissing the case without prejudice. Approximately seven months later, the plaintiff filed a motion for an extension of time to serve defendants. The trial court granted the motion, and the plaintiff served process on the defendants. In response, the defendants moved to quash service, alleging, among other things, that the case was closed pursuant to the July 10 final order. After a hearing on the defendants' motion, the trial court entered an order on June 23, 2008 granting the motion to quash service and sua sponte setting aside the July 10 final order.
On appeal, the defendants argue that the trial court lacked jurisdiction to vacate its July 10 final order more than ten days after the order was entered. We agree. A trial court may, on its own initiative, correct clerical errors at anytime pursuant to Florida Rule of Civil Procedure 1.540(a), but judicial errors, which include errors that affect the substance of a judgment, must be corrected within ten days after entry of the judgment pursuant to Florida Rule of Civil Procedure 1.530, or by appellate review. Moforis v. Moforis, 977 So.2d 786, 788 (Fla. 4th DCA 2008) (citing Bolton v. Bolton, 787 So.2d 237, 238 (Fla. 2d DCA 2001)). Here, the trial judge lacked jurisdiction to, sua sponte, vacate the July 10 final order because the June 23, 2008 order was entered more than ten days after the *1274 final order dismissing the case. See Corzo Trucking Corp. v. West, 974 So.2d 627, 628 (Fla. 4th DCA 2008) (noting that if "the trial court intended to reverse itself on the motion to vacate the default judgment, it had to do so within ten days of the original order"); Penalba v. Penalba, 616 So.2d 165, 166 (Fla. 3d DCA 1993) (holding that the trial court lacked jurisdiction to vacate the final judgment more than ten days after entry of the judgment and the ruling on the timely motion for rehearing); Kirby v. Speight, 217 So.2d 871, 872 (Fla. 1st DCA 1969) (deciding that a trial court, on its own motion, could not modify a final order more than ten days after it was entered in accordance with Florida Rule of Civil Procedure 1.530). Accordingly, we reverse the June 23, 2008 order vacating the July 10 final order and reinstate the July 10 final order dismissing the case without prejudice.
Reversed.
FARMER and KLEIN, JJ., concur.