On Motion to Dismiss

COPE, J.
This appeal arises- from a summary final judgment awarding a $200,000 deposit to the seller, Mechaia Investments, LLC, after the sale of a residence on Key Biscayne failed to close. The seller contends that the appeal by the buyer, Denise Romano, is premature and should be dismissed. We conclude that the appeal by the buyer need not be dismissed, and that the trial court continues to have jurisdiction to rule on the seller’s timely motion to amend the judgment.
The underlying action was an inter-pleader by 'the holder of the $200,000 deposit. The buyer and seller each claimed entitlement to the deposit. On June 10, 2009, the trial court entered summary final judgment in favor of the seller and directed that the deposit be disbursed to the seller. The summary judgment made no mention of prejudgment interest.
On June 19, the buyer filed her notice of appeal. The same day, the seller served and filed its motion to amend the judgment under Florida Rule of Civil Procedure 1.530. The motion requested an award of prejudgment interest. See McGurn v. Scott, 596 So.2d 1042 (Fla. 1992). The seller’s motion was docketed after the buyer’s notice of appeal.
The seller has' moved to dismiss the appeal, arguing that it is premature. The seller argues alternatively that this court should relinquish jurisdiction to the trial court so that, the trial court can rule on the seller’s pending motion to amend the judgment.
First, the appeal is not premature. After the summary judgment was entered, the buyer did not file any postjudgment motions, but instead filed a timely notice of appeal. It was permissible for the buyer to file her notice of appeal when she did.
Second, relinquishment of jurisdiction is not necessary. The buyer’s filing of the notice of appeal on the ninth day after judgment had no effect on the ability of the seller, to serve a timely motion to amend the judgment. Under Rule 1.530(b), the seller had ten days after the filing of the summary judgment to serve its motion to amend. While the buyer had a right to appeal once the final judgment was entered, the seller “was also procedurally correct in timely moving to amend the final judgment.” Maynard v. Maynard, 515 So.2d 308, 309 (Fla. 3d DCA 1987).
Because the seller’s motion to amend the judgment was served within the ten-day limit established by Rule 1.530, the motion is timely and the trial court has jurisdiction to rule on it. The fact that the opposing party, the buyer, has filed a notice of appeal does not oust the trial court of jurisdiction to rule on the seller’s timely motion.
*6 The buyer argues, however, that the time sequence involved here is not specifically addressed by Florida Rule of Appellate Procedure 9.020(h), which describes when rendition of an order occurs. See generally Philip J. Padovano, Florida Appellate Practice § 2:4 (2009). She contends that her notice of appeal has deprived the trial court of jurisdiction to rule on the seller’s motion to amend the judgment. We reject that argument. As this court has said in analogous circumstances:
The effect of the rehearing rule “is to put the world on notice that at any time within ten days after entry of a decree by a court of equity in Florida the court may, on petition for rehearing or on its own initiative, order a rehearing or enter a. new or amended decree. Any person that acts in reliance upon such a decree within that time does so at his own peril,”
Marsh & McLennan, Inc, v. AerolIneas Nacionales Del Ecuador, 530 So.2d 971, 973 (Fla. 3d DCA 1988) (en banc).
Similarly here, the fact that the buyer filed her notice of appeal within the rehearing time does not deprive the seller of its opportunity to file a motion to amend the judgment under Rule' 1.530, and to have that motion ruled on. The trial court has jurisdiction to rule on the motion.
For the stated reasons, the motion to dismiss and alternative motion to. relinquish jurisdiction are denied.