PER CURIAM.
 

 DND Mail Corporation (DND) petitions for writ of certiorari, seeking to quash the circuit court’s appellate decision that concluded that the county court lost jurisdiction to
 
 sua sponte
 
 vacate a default one day after entering a default final judgment while DND’s motion for reconsideration was pending. For the reasons discussed below, we grant the petition and quash the circuit court’s opinion and order on rehearing.
 

 DND operates a Mail Boxes Etc. business and began leasing a commercial unit from respondent, Andgen Properties, LLC (Andgen), in 2002. In January 2006, And-gen filed an action for eviction in Broward County Court, alleging that DND breached the lease by failing to pay $481.49 of the $3629.46 rent payment made in November 2005. DND sought to quash service of process, arguing that service by mail was improper. Andgen moved for a default based on the failure of DND to timely file an answer under section 51.011(1), Florida Statutes. DND argued that the motion to quash service of process tolled the time for filing an answer.
 
 See
 
 Fla. R. Civ. P. 1.140(a)(3).
 
 See also Pro-Art Dental Lab, Inc. v. V-Strategic Group, LLC,
 
 986 So.2d 1244, 1258 (Fla.2008) (holding that rules of civil procedure apply to summary eviction proceedings under chapter 51: “The plain text of section 51.011 does not provide for instantaneous defaults in the event a party has filed a defensive motion and thereafter an untimely responsive pleading”).
 

 At a hearing, the trial court orally denied the motion to quash service of process and granted Andgen’s motion for default. DND moved for rehearing. On February 6, 2006, the court denied the motion for rehearing and entered a final default judgment for possession in Andgen’s favor. On the same day, however, DND filed a motion for reconsideration of the denial of its motion to quash service of process. On February 8, 2006, the day after the final default judgment was rendered, the trial court entered an order denying the motion for reconsideration, in part, concluding that service of process was proper but finding that relief was warranted from the default judgment. The court vacated the default judgment and required DND to post the $481.49 and rent payments into the court registry to file its answer.
 

 DND prevailed at a final hearing, and the trial court denied Andgen’s action for eviction. Andgen appealed. The Broward circuit court, in its appellate capacity, issued an opinion determining that the trial court erred in vacating the default final judgment. The circuit court held that the trial court lacked jurisdiction to enter the order vacating the default final judgment and that the court could not
 
 sua sponte
 
 
 *113
 
 reconsider its judgment and vacate the default.
 

 Legal Standard
 

 The standard of review in this second-tier certiorari petition is whether the circuit court afforded petitioner procedural due process and applied the correct law.
 
 Allstate Ins. Co. v. Kaklamanos,
 
 843 So.2d 885, 889 (Fla.200S)(citing
 
 Haines City Cmty. Dev. v. Heggs,
 
 658 So.2d 523 (Fla.1995)). “A district court should exercise its discretion to grant certiorari review only when there has been a violation of a clearly established principle of law resulting in a miscarriage of justice.”
 
 Id.
 

 Analysis
 

 Here, the circuit court applied the wrong law, resulting in a miscarriage of justice. A trial court is permitted to
 
 sua sponte
 
 order rehearing or a new trial within ten days after entry of a judgment.
 

 On Initiative of Court. Not later than 10 days after entry of judgment or within the time of ruling on a timely motion for a rehearing or a new trial made by a party, the court of its own initiative may order a rehearing or a new trial for any reason for which it might have granted a rehearing or a new trial on motion of a party.
 

 Fla. R. Civ. P. 1.530(d).
 

 The circuit court’s conclusion that the trial court lacked jurisdiction departs from the essential requirements of law. The trial court
 
 sua sponte
 
 reconsidered the default final judgment the day after the judgment was rendered and well within the ten days permitted by the above rule.
 
 Cf. Corzo Trucking Corp. v. West,
 
 974 So.2d 627, 628 (Fla. 4th DCA 2008) (holding that the court could not
 
 sua sponte
 
 vacate default after expiration of the ten-day time period).
 

 Further, the circuit court applied the wrong standard in reviewing the trial court’s order that vacated the default judgment. Florida courts have a policy of “liberally setting aside defaults so that controversies can be decided on their merits.”
 
 Cedar Mountain Estates, LLC v. Loan One, LLC,
 
 4 So.3d 15, 17 (Fla. 5th DCA 2009) (citing
 
 Somero v. Hendry Gen. Hosp.,
 
 467 So.2d 1103, 1104 (Fla. 4th DCA 1985), which provides “It is axiomatic that Florida jurisprudence favors liberality in the area of setting aside defaults in order that parties may have their controversies decided on the merits”).
 

 An order granting a motion to vacate a default final judgment is reviewed under a “gross abuse of discretion” standard.
 
 Lloyd’s Underwriter’s at London v. Ruby, Inc.,
 
 801 So.2d 138, 139 (Fla. 4th DCA 2001),
 
 see also Sterling Drug, Inc. v. Wright,
 
 342 So.2d 503, 504-505 (Fla.1977) (applying gross abuse of discretion standard and quashing district court opinion that had applied a mere abuse of discretion standard). “[I]f there be any reasonable doubt in the matter [of vacating a default], it should be resolved in favor of granting the application and allowing a trial upon the merits of the case.”
 
 N. Shore Hosp., Inc. v. Barber,
 
 143 So.2d 849, 853 (Fla.1962) (citation omitted).
 

 The trial court had jurisdiction, and its decision to
 
 sua sponte
 
 grant rehearing and vacate the default final judgment was not a gross abuse of discretion. Accordingly, the petition is granted and the circuit court’s decision is quashed.
 

 FARMER, TAYLOR and GERBER, JJ., concur.