DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT
*July Term 2014*

**MICHELLE SCHELLER,**
Appellant,

v.

**SALVATORE SOLLECITO,**
Appellee.

No. 4D13-4055

[August 27, 2014]

Appeal of non-final order from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Laura M. Watson, Judge; L.T. Case No. 10-16213 FMCE.

Michael A. Hymowitz of Braverman & Hymowitz, Fort Lauderdale, for appellant.

No brief filed on behalf of appellee.

MAY, J.

A mother seeks review of an order by a successor judge, which effectively vacated a final order in a paternity action. She argues the successor judge erred in *sua sponte* ordering a new trial in the paternity action unless the parties could reach an agreement on the wording of the final order. We agree and reverse.

A father petitioned the court to determine paternity. The original trial court heard the evidence and orally pronounced its rulings at a November 19, 2012 hearing. The trial court then entered a final written order, incorporating its oral rulings by reference and attaching the transcript.

The order required the parties to attend reunification counseling. The mother was to submit a list of three therapists covered by her health insurance. The father was to select a therapist from that list.

The father chose a particular therapist, but for some unknown reason, the therapist was no longer available. The father asked the mother if she would see another therapist. The mother did not respond.

The father then moved for sanctions and to compel appointment of the alternative therapist as the reunification counselor. The mother responded by moving for contempt against the father for contacting the children in violation of the final order.

Due to the retirement of the original trial judge, a successor judge heard the matter on September 30, 2013. That hearing resulted in the following order:

> The Court has reviewed the file and the hearing from the final order transcript was not reduced to a written Final Judgment with findings. [sic] Therefore, unless the parties can agree on the wording of the Final Judgment, the hearing will be de novo.

The mother appealed the order. The notice of appeal explained that the successor judge *sua sponte* vacated the final order unless the parties could agree on the wording for the final order.

Under Rule 1.530(d) of the Florida Rules of Civil Procedure, a trial court may, on its own initiative, "order a rehearing or a new trial for any reason for which it might have granted a rehearing or a new trial on motion of a party," but that authority exists only within 15 days following final judgment. Fla. R. Civ. P. 1.530(d) (incorporated by reference in Fla. Fam. L. R. P. 12.530). *Sua sponte* relief from judgment under Rule 1.540 is also limited. Fla. R. Civ. P. 1.540 (incorporated by reference in Fla. Fam. L. R. P. 12.540).

> A trial court may, on its own initiative, correct clerical errors at anytime pursuant to Florida Rule of Civil Procedure 1.540(a), but **judicial errors, which include errors that affect the substance of a judgment, must be corrected <u>within ten days</u> after entry of the judgment** pursuant to Florida Rule of Civil Procedure 1.530, or by appellate review.

*Corvette Country, Inc. v. Leonardo,* 997 So. 2d 1272, 1273 (Fla. 4th DCA 2009) (emphasis added) (citations omitted).

Here, the final order was entered on December 27, 2012. The successor judge entered an order *sua sponte* granting rehearing on September 30,

2

2013.  This ruling exceeded the 15-day limit under Rule 1.530 and the 10-day limit under Rule 1.540.  The trial court lacked jurisdiction to enter the order on appeal.  *See Kirby v. Speight*, 217 So. 2d 871 (Fla. 1st DCA 1969).[1]

We therefore reverse and remand with instructions to enforce the final order as written.

*Reversed and Remanded.*

CIKLIN and LEVINE, JJ., concur.

*      *      *

***Not final until disposition of timely filed motion for rehearing.***

---

[1] While the successor judge indicated an inability to determine the terms of the final order, we have reviewed the transcript of the paternity hearing and find the terms sufficiently detailed.  Because the final order incorporated the oral findings, and the transcript was attached, not only was the court's attempt to vacate the final judgment untimely and without jurisdiction, there was no reason to vacate the final judgment.

3