IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

ARTEMIO MILARES BUCSIT,
FORMER HUSBAND,

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

Appellant,

v.                                            CASE NO. 1D17-801

MARIE JEAN CAMARA
BUCSIT, FORMER WIFE,

Appellee.

_____/

Opinion filed October 18, 2017.

An appeal from the Circuit Court for Clay County.
Gary L. Wilkinson, Judge.

Anthony P. Penoso, Jacksonville, for Appellant.

Roberta E. Blush, Orange Park, for Appellee.

JAY, J.

We affirm in all respects the Amended Order on All Pending Motions, which

grants in part and denies in part each of the parties' respective petitions to modify

the earlier Consent Final Judgment of Dissolution of Marriage.[1] We write only to explain the propriety of the trial court's decision—without notice to, or input from, either party—to "rehear" and amend its initial order. The trial court's power to do so directly derives from the unambiguous provisions of Florida Rule of Civil Procedure 1.530(d).

Within nine days of entering its Order on All Pending Motions, the trial court entered an amended order, explaining its reason for doing so as follows:

> Following the entry of this Court's January 24, 2017, Order on All Pending Motions, the Court realized that *the provisions of the Order pertaining to overpayments of child support by Former Husband, including paragraphs 4 and 5, are in error.* Accordingly, pursuant to the provisions of Rule 12.530, Florida Family Rules of Procedure, and Rule 1.530, Florida Rules of Civil Procedure, this Amended Order modifies those provisions . . . .

(Emphasis added.)

Florida Family Law Rule of Procedure 12.530 provides that in the ordinary course of family law matters, "[m]otions for new trial and rehearing and amendments of judgments shall be governed by Florida Rule of Civil Procedure 1.530." Parties, therefore, believing the final judgment to be in error, are authorized by rule 1.530(a) to file a motion for rehearing, whereby the trial court "may open the

---

[1] "[T]he orders entered in modification proceedings have all of the aspects of final judgments. We therefore conclude that they are final judgments, subject to motions for rehearing under Florida Rule of Civil Procedure 1.530(a), and appealable as plenary appeals." Roshkind v. Roshkind, 717 So. 2d 544 (Fla. 4th DCA 1997).

judgment if one has been entered, take additional testimony, and enter a new judgment."

But, rule 1.530(d) permits the trial court—perceiving error—to act on its own motion to correct it, without the participation of the parties. The rule states:

> **(d) On Initiative of Court.** Not later than 15 days after entry of judgment or within the time of ruling on a timely motion for a rehearing or a new trial made by a party, the court of its own initiative may order a rehearing or a new trial for any reason for which it might have granted a rehearing or a new trial on motion of a party. [2]

The plain text of the rule alerts the reader that for any reason a party may move for rehearing, so may the trial court on its own "initiative."

Preliminarily, we recognize that the finality of a trial court's judgment is one of the cornerstones of our system of justice. See Witt v. State, 387 So.2d 922, 925 (Fla. 1980). It is a doctrine that "should be abridged only when a more compelling objective appears, such as ensuring fairness and uniformity in individual adjudications." Witt, 387 So. 2d at 925. Therefore, "[u]nless a proper [rehearing] motion or petition is filed within the allotted time, the judgment or order of the trial court becomes absolute." Shelby Mut. Ins. Co. of Shelby, Ohio v. Pearson, 236 So. 2d 1, 3 (Fla. 1970). Of course, there must be an appropriate balance between this

---

[2] In 2013, subdivision (d) was amended to lengthen the deadline from ten to fifteen days for a trial court to act of its own accord. See In re Amendments to the Florida Rules of Civil Procedure, 131 So. 3d 643, 651 (Fla. 2013) (Mem.). As will be seen, the cases cited in this opinion involved the pre-amendment deadline of ten days.

need for certitude and the interest in making necessary corrections to final orders. <u>Balmoral Condo. Ass'n v. Grimaldi</u>, 107 So. 3d 1149, 1151 (Fla. 3d DCA 2013). This symmetry is reflected in rule 1.530(d), where the trial court, on its own motion, may grant a timely rehearing. <u>Id.</u>

By granting rehearing, the trial court is given a second opportunity to evaluate "any error, omission, or oversight that may have been committed in the first consideration." <u>Cole v. Cole</u>, 130 So. 2d 126, 130 (Fla. 1st DCA 1961). It is provided with a mechanism to reassess "some point which it overlooked or failed to consider. . . ." <u>Id.</u> And, it is given a chance to "reopen the case and reconsider any or all of the provisions of its final decree." <u>Langer v. Aerovias, S.A.</u>, 584 So. 2d 175, 176 (Fla. 3d DCA 1991).

Rule 1.530(d) permits the trial court to do all of this on its own initiative, if it is accomplished in a timely fashion. In <u>Romano v. Mechaia Investments, LLC</u>, 201 So. 3d 4 (Fla. 3d DCA 2009), the Third District said as much, and included a pointed reminder to all litigants:

> "The effect of the rehearing rule 'is to put the world on notice that at any time within ten days after entry of a decree by a court of equity in Florida the court may, on petition for rehearing *or on its own initiative*, order a rehearing or enter a new or amended decree. Any person that acts in reliance upon such a decree within that time does so at his own peril.'"

<u>Id.</u> at 6 (emphasis added) (quoting <u>Marsh & McLennan v. Aerolines Nacionales Del Ecuador</u>, 530 So. 2d 971, 973 (Fla. 3d DCA 1988) (on motion to dismiss)).

4

The decision in <u>DND Mail Corp. v. Andgen Properties, LLC</u>, 28 So. 3d 111 (Fla. 4th DCA 2010), is consistent with this conclusion. There, the Broward circuit court, sitting in its appellate capacity, found that the county court erred in vacating a default final judgment. <u>Id.</u> at 112. Specifically, it determined that the county court did not have jurisdiction to vacate the default final judgment because the court did not have the authority to sua sponte reconsider its initial ruling. <u>Id.</u> at 112-13.

On a petition for writ of certiorari to the Fourth District Court of Appeal, the Fourth District quashed the circuit court's decision, finding that the county court lawfully "reconsidered the default final judgment the day after the judgment was rendered and well within the ten days permitted" under rule 1.530(d). <u>Id.</u> at 113. Stated differently, the county "court [was] permitted to sua sponte order rehearing . . . within ten days after entry of a judgment." <u>Id.</u>; <u>see also</u> <u>Muniz v. Muniz-Baerga</u>, 679 So. 2d 888, 888 (Fla. 1st DCA 1996) ("Appellant alleges that the trial court erred by *sua sponte* reversing its judgment that the appellant was entitled to have her attorney's fees paid. We affirm for the reason that rule 1.530(d) . . . authorizes the action taken within the time period provided by the rule.") (emphasis added); <u>Crum v. State</u>, 507 So.2d 759, 760 (Fla. 1st DCA 1987) ("In nonjury cases, the trial court may, either on motion of a party or on its own initiative, grant rehearing and, in its discretion, consider additional evidence.").

Here, when it reconsidered its initial order and corrected its preliminary error, the trial court was ensuring that its rulings were accurate and reflective of the evidence and the equities presented. By entering its amended final order, the trial court exercised a power expressly afforded it by rule 1.530(d), which it carried out in a manner consistent with the terms of, and the essential rationale behind, this important rule.

AFFIRMED.

ROWE and MAKAR, JJ., CONCUR.