# Third District Court of Appeal

## State of Florida

Opinion filed February 10, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-1034
Lower Tribunal No. 16-26865
_____

**CFLB Management, LLC,**
Appellant,

vs.

**Diamond Blue International, Inc., et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Abby Cynamon, Judge.

Kozyak Tropin & Throckmorton, and Corali Lopez-Castro, Dwayne A. Robinson and Michael R. Lorigas, for appellant.

Ava J. Borrasso, P.A., and Ava J. Borrasso, for appellees.

Before SCALES, HENDON and GORDO, JJ.

SCALES, J.

CFLB Management, LLC, a co-defendant below, appeals a June 24, 2020 final order denying its Florida Rule of Civil Procedure 1.540(b)(5) motion. CFLB Management's motion sought to vacate a June 20, 2019 post-judgment order ("Attorney's Fees Judgment") awarding prevailing party attorney's fees to the appellees Diamond Blue International, Inc. and Fundacion Lemar, the plaintiffs in the lower proceeding. The trial court concluded that it lacked jurisdiction to adjudicate CFLB Management's rule 1.540(b)(5) motion because: (1) this Court affirmed the entry of final summary judgment as to CFLB Management in Conrad FLB Management, LLC v. Diamond Blue International, Inc., 300 So. 3d 716 (Fla. 3d DCA 2019) (appellate case number 3D18-2540); and (2) CFLB Management did not timely appeal the Attorney's Fees Judgment while appellate case number 3D18-2540 was pending. Because we conclude, as a matter of law, that the trial court had jurisdiction to adjudicate appellant's rule 1.540(b)(5) motion, we reverse and remand for further proceedings.

## I.    FACTS

In October 2016, the appellees brought the instant action for breach of two promissory notes against CFLB Management, as borrower, and two other co-defendants who were alleged to also be liable on the unpaid notes. On December 17, 2018, the trial court entered an amended final summary

2

judgment finding all named defendants jointly and severally liable on both unpaid notes, concluding that "[the appellees] may collect this judgment against any one or more Defendants in this action but there shall be no double recovery." The amended final summary judgment further determined that the appellees were entitled to recover prevailing party attorney's fees and costs from the defendants, reserving jurisdiction to assess the amount of attorney's fees and costs at a later date. CFLB Management and the two co-defendants appealed the December 17, 2018 amended final summary judgment to this Court (3D18-2540).

While the appeal was pending, on June 12, 2019, the trial court held an evidentiary hearing to set the amount of prevailing party attorney's fees and costs. Consistent with the fee provisions found in the notes, the trial court entered a June 20, 2019 Attorney's Fees Judgment that awarded the appellees nearly $200,000 in attorney's fees and costs, plus interest, "against all Defendants" and provided that "[the appellees] may collect this judgment against any one or more Defendants in this action but there shall be no double recovery." Neither CFLB Management, nor either of its co-defendants, appealed the Attorney's Fees Judgment.

Nearly five-and-a-half months later, this Court affirmed the entry of the amended final summary judgment as to CFLB Management, but reversed

3

the entry of judgment as to the two co-defendants and remanded for further proceedings.  See Conrad FLB Mgmt., LLC, 300 So. 3d at 721.  With the judgment against them reversed, the two co-defendants then filed a rule 1.540(b)(5)[1] motion to vacate the derivative Attorney's Fees Judgment.  The trial court granted the co-defendants' motion and vacated the Attorney's Fees Judgment against them.

Sixty-six days after the trial court vacated the Attorney's Fees Judgment as to its co-defendants, CFLB Management then filed its own rule 1.540(b)(5) motion seeking to vacate the Attorney's Fees Judgment against it.  Therein, CFLB Management argued that because the Attorney's Fees Judgment "imposed joint and several liability against [all defendants] for all attorney's fees incurred by [the appellees]" and "includes fees that are based on time [the appellees] spent prosecuting their now unsuccessful claims

---

[1] Rule 1.540(b)(5) provides limited jurisdiction for a trial court to revisit a final order when, *inter alia*, the judgment upon which the final order is based has been reversed. The rule reads, in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, decree, [or] order . . . for the following reasons:
>
> (5) that . . . a prior judgment, decree, or order upon which it is based has been reversed or otherwise vacated . . . .

Fla. R. Civ. P. 1.540(b)(5).

against [the two co-defendants]," the Attorney's Fees Judgment should be vacated and a new evidentiary hearing held "to establish . . . what portion of the attorney's fees awarded previously are attributable to time spent establishing the liability of [CFLB] Management under the notes."

On June 17, 2020, the trial court conducted a hearing on CFLB Management's rule 1.540(b)(5) motion. The transcript of that hearing reveals that the trial court was concerned that CFLB Management's motion was not cognizable under the rule because this Court had affirmed, rather than reversed, the trial court's entry of final summary judgment as to CFLB Management. Thus, according to the trial court, prevailing party attorney's fees were properly awarded against CFLB Management and, if CFLB Management had any objection with respect to the Attorney's Fees Judgment, CFLB Management should have appealed the judgment.

Ultimately, the trial court entered the challenged June 24, 2020 order denying CFLB Management's rule 1.540(b)(5) motion, the operative portion of which reads as follows:

> **ORDERED AND ADJUDGED** that the Motion is **DENIED**. Defendant did not appeal the June 20, 2019 Attorney's Fees Judgment. The Court further finds that it lacks jurisdiction to consider the Motion. See Penalba v. Penalba, 616 So. 2d 165 (Fla. 3d DCA 1993).[2]

---

[2] In Penalba, this Court determined that the trial court lacks jurisdiction to grant rehearing, on its own initiative, beyond the time limit prescribed in

CFLB Management timely appeals this order.

## II.  ANALYSIS[3]

"[W]hen a merits judgment is reversed or vacated, a judgment for attorneys' fees flowing from that judgment should be reversed, too, and the mechanism for relief is rule 1.540(b)(5)." Harrington, 187 So. 3d at 885. Thus, the issue presented here is whether the Attorney's Fees Judgment is "based" upon a "prior judgment" that has been "reversed or otherwise vacated." Fla. R. Civ. P. 1.540(b)(5). If it is, then rule 1.540(b)(5) provides the trial court jurisdiction, "upon such terms as are just," to "relieve" CFLB Management of that judgment. Id.

The Attorney's Fees Judgment is plainly based on the December 17, 2018 amended final summary judgment. It awards the appellees all of the fees that they incurred in pursuing their claims against all three defendants in the lower proceeding. Because the Attorney's Fees Judgment also found

_____

Florida Rule of Civil Procedure 1.530(d). 616 So. 3d at 166. Penalba's relevance to the issue of whether rule 1.540(b)(5) provided the trial court with jurisdiction to adjudicate CFLB Management's motion is not readily apparent from the record before us.

[3] While this Court generally reviews an order denying a rule 1.540 motion for abuse of discretion, when, as occurred in this case, the trial court rules on the motion as a matter of law on a pure question of law – i.e., whether it had jurisdiction to adjudicate the motion – our review is *de novo.* Travelers Com. Ins. Co. v. Harrington, 187 So. 3d 879, 884 (Fla. 1st DCA 2016).

6

that all three defendants were jointly and severally liable for the fee award, the judgment did not differentiate, as to each defendant, the fees incurred by the appellees in pursuing their claims. As we reversed the final summary judgment as to CFLB Management's two co-defendants, and because the Attorney's Fee Judgment was plainly "based" on the summary judgment that we reversed, rule 1.540(b)(5) provides the trial court with express jurisdiction to revisit the Attorney's Fee Judgment and, if justice requires, to "relieve" CFLB Management from the judgment. That this Court, in 3D18-2540, did not reverse the merits judgment as to CFLB Management, and that CFLB Management did not appeal the Attorney's Fees Judgment, is of no moment to the trial court's jurisdiction to adjudicate CFLB Management's rule 1.540(b)(5) motion.

## III. CONCLUSION

Because the attorney's fees awarded against CFLB Management in the Attorney's Fee Judgment flow from a prior merits judgment (the December 17, 2018 amended final summary judgment) that was reversed by this Court, the trial court has jurisdiction to consider and adjudicate CFLB Management's rule 1.540(b)(5) motion seeking to vacate the Attorney's Fee

7

Judgment. We, therefore, reverse the June 24, 2020 final order denying

CFLB Management's rule 1.540(b)(5) and remand for further proceedings.[4]

Reversed and remanded.

---

[4] The appellees suggest that, even if the trial court erred by determining it lacked jurisdiction, we can nevertheless affirm the order denying CFLB Management's rule 1.540(b)(5) motion because, according to the appellees: (i) the motion was untimely (i.e., not filed within a reasonable time), and (ii) the fees incurred in prosecuting the claims against CFLB Management are inextricably intertwined with the fees incurred in prosecuting the claims against the other defendants, therefore making it impossible for the trial court to differentiate the fees attributable solely to prosecuting the claims against CFLB Management. We decline the appellees' invitation to adjudicate these issues in the first instance.