DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**TERENCE DOUGLAS,**
Appellant,

v.

**BEULAH ICYLINE DOUGLAS,**
Appellee.

No. 4D22-1144

[June 7, 2023]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Karen M. Miller, Judge; L.T. Case No. 50-2015-DR-005599-XXXX-NB.

Peter S. Adrien of the Law Offices of Adrien & Richards, P.A., Hollywood, for appellant.

Amy L. Cosentino of the Law Office of Amy L. Cosentino, P.A., West Palm Beach, for appellee.

CONNER, J.

The husband appeals the (1) final judgment of dissolution of marriage; (2) the final judgment on remaining issues (pertaining to equitable distribution); (3) the denial of alimony to the husband; (4) the award of attorneys' fees and costs; and (5) the order denying the trial court judge's recusal. The husband raises multiple arguments on appeal for reversal of trial court rulings. The parties did not argue their positions well in the trial court or before this Court. Nonetheless, we agree with the husband's arguments that the trial court erred in: (1) failing to make findings to support its classification of marital and nonmarital assets and liabilities regarding equitable distribution; and (2) allowing the wife to unilaterally present evidence regarding the nonmarital portion of one of her financial accounts. As to those two arguments, we reverse and remand for further proceedings. As to the other contested trial court rulings, we affirm without discussion.

*Background*

The husband petitioned for dissolution of the marriage in 2015. The dissolution trial initially took place over the course of two days in June and July 2016. Two of the main issues in dispute were the marital classifications of five financial accounts solely in the wife's name and five real properties titled solely in the husband's name.[1] After trial, the trial court entered a final judgment of dissolution of marriage ("the 2016 final judgment").

In the 2016 final judgment, the trial court found all of the wife's financial accounts were opened prior to the marriage and the wife continued contributing to those accounts during the marriage. As to four of the accounts, the trial court ruled the increased values to the accounts, minus premium payments, from the date of the marriage to the date when the husband petitioned to dissolve the marriage were marital assets. Further, the trial court ruled that to the extent the wife could actuarially demonstrate the premarital portions of the four accounts, those portions were nonmarital and would be distributed 100% to the wife. The fifth account was a 401(k) plan through the wife's employer. As to all five accounts, the trial court ascertained it did not have enough evidence from the initial trial to determine what portions of the five accounts were marital or nonmarital. Consequently, the trial court reserved ruling as to the wife's five financial accounts and ordered that if the parties could not agree to the marital and nonmarital portions of the accounts, the wife was to unilaterally hire an actuary to conduct the calculations and the husband was ordered to pay one-half of the account's cost and expenses.

As to the husband's five real properties, the trial court found all five were marital assets. Notably, the trial court did not make any findings or explain why it classified the real properties as marital, and simply "adopt[ed]" the equitable distribution schedule submitted by the wife, attaching it to the 2016 final judgment.

Almost six years later, in March 2022, the trial court held a hearing on the nonmarital portion of the wife's five financial accounts.[2] The wife

---

[1] There were multiple properties discussed at trial, and the parties refer to the properties differently. To clarify which of the five properties we are addressing on appeal, we refer to the properties by the titles given in Exhibit A of the 2016 final judgment: (1) Land at Woodland Estates 10; (2) Land At Marion Oaks, Lot 4; (3) Land At Marion Oaks Lot 38; (4) Vacant Land Marion County; and (5) 1853 S. Dove Tail Drive, Fort Pierce.

[2] It is unclear why it took six years to schedule the additional hearing to resolve the remaining equitable distribution issues. The delay is yet another example of the parties not presenting their case well in the trial court.

stipulated that four of her financial accounts were completely marital. The parties disagreed as to the classification of the fifth account, which the parties referred to as "the Athene IRA." The wife testified at the March 2022 hearing, called a certified public accountant to testify, and submitted financial records regarding the Athene IRA. After the hearing, the trial court entered a final judgment as to the remaining equitable distribution issues. Based on the wife's and accountant's testimony, and the financial records submitted as evidence, the trial court found the entire Athene IRA was the wife's nonmarital asset.

*Appellate Analysis*

"We review a trial court's characterization of an asset as marital or nonmarital de novo and any factual findings necessary to make this legal conclusion for competent, substantial evidence." *Dravis v. Dravis*, 170 So. 3d 849, 852 (Fla. 2d DCA 2015). However, a trial court's "failure to make the factual findings [required under section 61.075(3), Florida Statutes (2016),] is an abuse of discretion and has been held to be reversible error." *Ortiz v. Ortiz*, 306 So. 3d 1081, 1082 (Fla. 3d DCA 2020).

In a contested dissolution of marriage action with no agreement between the parties, section 61.075(3), Florida Statutes (2016), requires that "any distribution of marital assets or marital liabilities shall be supported by factual findings in the judgment or order based on competent substantial evidence with reference to the factors enumerated in subsection (1)." § 61.075(3), Fla. Stat. (2016). Additionally, the trial court "shall include specific written findings of fact as to the" identification of marital and nonmarital assets, and "[a]ny other findings necessary to advise the parties or the reviewing court of the trial court's rationale for the distribution of marital assets and allocation of liabilities." § 61.075(3)(a), (b), (d), Fla. Stat. (2016).

On appeal, the husband argues the trial court erred in determining the five real estate properties titled in his name were marital assets.

The trial court distributed marital and nonmarital assets by referring to and attaching the wife's equitable distribution schedule listing assets to the 2016 final judgment. Although the wife's schedule classified assets and liabilities as marital and nonmarital, the trial court failed to make findings on the record or in writing as to why it found certain properties to be marital and other properties to be nonmarital. Specifically, the trial court failed to make findings as to why the five real properties were determined to be marital. This was error. *See Smith v. Smith*, 971 So. 2d 191, 193-94 (Fla. 1st DCA 2007). The error is particularly clear in this

case, where nothing in the record indicates why the trial court classified the five real properties as marital. We determine the error is not harmless because the lack of findings as to the five properties prohibit this Court from conducting meaningful appellate review. *See id.* (explaining that a trial court's failure to make the required findings can be harmless error where the reason is apparent from the record (citing *Vaughn v. Vaughn*, 714 So. 2d 632, 634 (Fla. 1st DCA 1998))); *Marks v. Shafton*, 326 So. 3d 861, 865 (Fla. 2d DCA 2021) (reversing because the lack of findings as to the marital classification of an account precluded meaningful appellate review).

The trial court found the wife's five financial accounts were established prior to the marriage, but marital funds were contributed to increase the accounts' value. The trial court correctly stated a formula for determining what portion of the accounts would be considered marital. And the trial court correctly acknowledged it was the wife's burden to prove what portions of the accounts were nonmarital. *See Higgins v. Higgins*, 226 So. 3d 901, 906 (Fla. 4th DCA 2017) ("Once a party establishes that marital labor or funds were used to enhance the nonmarital property's value, the burden shifts to the other party to show that some, if any, portion of the enhanced value is exempt from equitable distribution.").

Nonetheless, in the 2016 final judgment, the trial court stated insufficient evidence was presented to determine what portion of each financial account was marital, and permitted the wife to unilaterally present additional evidence if the parties did not reach an agreement.[3] However, the trial court erred in allowing only the wife to present evidence as to the nonmarital portion of the five financial accounts. *See Kilnapp v. Kilnapp*, 140 So. 3d 1051, 1054 (Fla. 4th DCA 2014) ("When a court fails to give one party the opportunity to present witnesses or testify on his or her own behalf, the court has violated that party's fundamental right to procedural due process." (quoting *Douglas v. Johnson*, 65 So. 3d 605, 607 (Fla. 2d DCA 2011))); *Tetrault v. Fairchild*, 799 So. 2d 226, 229 (Fla. 5th DCA 2001) (Harris, J., concurring and concurring specially) (discussing

---

[3] The husband also argues on appeal that the trial court erred in unilaterally reopening the evidence. We disagree with this argument. The applicable version of Florida Family Law Rule of Procedure 12.530 provided that motions for rehearing were to be governed by Florida Rule of Civil Procedure 1.530. Fla. Fam. L. R. P. 12.530 (2016). In turn, rule 1.530 permitted the trial court, on its own initiative, to order a rehearing for any reason for which it might have granted a rehearing on motion of a party. Fla. R. Civ. P. 1.530(d) (2016). Because the trial court could have reopened evidence on a motion by the wife, we find no error in the trial court doing so on its own initiative here. *See Bucsit v. Bucsit*, 229 So. 3d 430, 433 (Fla. 1st DCA 2017).

the unfair and prejudicial ruling by the trial court in permitting a newly added witness to testify at trial but then denying the opposing party an opportunity to have its own witness in rebuttal); *cf. Balboa Ins. Co. v. St. Johns Eng'g Co.*, 416 So. 2d 1268, 1268 (Fla. 5th DCA 1982) ("It is basically unfair for the court to refuse to allow the appellant to respond to a new pleading raising new issues after it was agreed by all that the case was submitted to the court for its consideration (with only the lawyers' argument left to be submitted[).]").

*Conclusion*

Having concluded the trial court erred in its determinations as to the classification of the Athene IRA and five real properties as marital or nonmarital in the final judgments entered in 2016 and 2022, we reverse the trial court's rulings as to those determinations and remand for further proceedings. As to the other the trial court rulings the husband appeals, we affirm without discussion.

*Affirmed in part, reversed in part, remanded with instructions.*

WARNER and DAMOORGIAN, JJ., concur.

\*      \*      \*

**Not final until disposition of timely filed motion for rehearing.**

5