COHEN, J.
 

 DNA Center for Neurology and Rehabilitation (hereinafter “DNA”) challenges the entry of summary judgment in favor of Progressive American Insurance Co. The propriety of the summary judgment will not be addressed because the trial court lacked jurisdiction to enter the order. Although neither party raised this issue before the trial court, or on appeal, this does not prevent us from addressing it.
 
 See Dep’t of Revenue v. Daystar Farms, Inc.,
 
 803 So.2d 892, 895 (Fla. 5th DCA 2002) (lack of subject matter jurisdiction may be raised sua sponte by an appellate court);
 
 see also 84 Lumber Co. v. Cooper,
 
 656 So.2d 1297, 1298 (Fla. 2d DCA 1994) (subject matter jurisdiction cannot be created by agreement, waiver, inadvertence, or a court’s exercise of power).
 

 DNA’s amended complaint alleged it was seeking damages greater than $500, but less than $5000. The exhibits attached to the amended complaint appear to indicate the damages sought were less than $500. Instead of filing its amended complaint in county court, DNA filed it in circuit court. However, county courts have exclusive jurisdiction over actions in law not exceeding $15,000, unless the action is within the exclusive jurisdiction of the circuit court. § 34.01(l)(c), Fla. Stat. (2005). A suit for damages due to nonpayment of personal injury protection benefits is not within the exclusive jurisdiction of the circuit court. Consequently, the circuit court did not have subject matter jurisdiction over DNA’s suit and the summary judgment must be reversed and the case remanded for transfer to the county court.
 

 REVERSED AND REMANDED.
 

 GRIFFIN and LAWSON, JJ., concur.