THOMAS, J.
 

 Appellant appeals the trial court’s Order On Motion To Enforce Settlement Agreement. Appellant contends the trial court erred in finding the Mediated Settlement Agreement (“Settlement Agreement”) enforceable and in defining its terms. Because we find that the trial court was without jurisdiction to enter the Order On Motion To Enforce Settlement Agreement, we quash the order.
 

 
 *966
 

 Facts
 

 On December 30, 2008, Appellant initiated a foreclosure action as a result of Appellees’ default on their promissory note and mortgage. On June 7, 2010, Appellees filed a motion for mediation. Two days later, on June 9, 2010, the trial court entered a final judgment in mortgage foreclosure in favor of Appellant, which included an award of attorney’s fees and costs. At some point after the final judgment was entered, the trial court conducted a hearing on Appellees’ motion for mediation, but for reasons that have not been made clear to this court, a transcript of this hearing was not included in the record. Twenty days after the entry of the final judgment, on June 29, 2010,
 
 nunc pro tunc
 
 June 9, 2010, the trial court entered an order purportedly requiring post-judgment mediation. During the post-judgment mediation, the parties signed what is now the disputed Settlement Agreement.
 

 Appellees filed a Motion to Enforce Settlement Agreement, asserting that the parties reached a final settlement at the mediation conference and that the proposed Modification Agreement deviated from the parties’ Settlement Agreement on a number of terms. Appellant filed a reply to Appellees’ motion, arguing that the Settlement Agreement was actually a conditional agreement pending execution of the Modification Agreement and receipt of the first payment from Appellees.
 

 A hearing was held on Appellees’ motion. A transcript of this proceeding was not provided by either party on appeal. Pursuant to rules 9.200(a)(4) and 9.200(b)(4), Florida Rules of Appellate Procedure, the parties provided a stipulated statement of the proceedings, indicating that the court did not swear any witnesses, take any testimony, or admit any evidence into the record. The trial court’s Order On Motion To Enforce Settlement purportedly modified a number of terms of the note and mortgage.
 

 Analysis
 

 Although not raised by either party, the Order On Motion To Enforce Settlement, entered after entry of the final judgment, is not a valid order. “Once a final judgment has been rendered and the time for filing a petition for rehearing or motion for new trial has passed the court loses all jurisdiction over the cause other than to see that proper entry of the judgment or decree is made and the rights determined and fixed by it are properly enforced.”
 
 Seddon v. Harpster,
 
 438 So.2d 165, 168 (Fla. 5th DCA 1983);
 
 see also Pruitt v. Brock,
 
 437 So.2d 768, 772-773 (Fla. 1st DCA 1983) (holding that “ ‘[i]t is the established law of this state that a trial court loses jurisdiction of a case at the expiration of the time for filing a petition for rehearing ...’”) (citation omitted). Although from the record it appears that the trial court was attempting to correct the parties’ failure to attend mandatory mediation, it was without jurisdiction to issue the order requiring post-judgment mediation and the Order On Motion To Enforce Settlement Agreement, because it had not vacated the final judgment entered on June 9, 2010.
 

 We do not address whether this order precludes relief pursuant to rule 1.540(b)(5), Florida Rules of Civil Procedure.
 

 The trial court’s Order On Motion To Enforce Settlement Agreement is QUASHED.
 

 ROBERTS and CLARK, JJ., concur.