OPINION ON MOTION TO ENFORCE MANDATE

PER CURIAM.
In this appeal before us, Appellees North Florida Surgeons, P.A., and Dr. Gordon Polley have filed a “Motion to Enforce Mandate” requesting this court to require the trial court to deny Appellant’s motion to extend stay and set aside arbitration award filed in lower tribunal case number 16-2008-CA000130. Appellant did not respond to the motion. We treat this motion as a Petition for Writ of Prohibition. See Fla. R.App. P. 9.040(c) (providing that if “a party seeks an improper remedy, the cause shall be treated as if the proper remedy had been sought.”). For the reasons explained below, we grant the writ.
The lower tribunal dismissed the aforementioned action as to Appellees based on an arbitration agreement, and this court affirmed that dismissal in Gardner v. Nioso, et al., 31 So.3d 950, 951 (Fla. 1st DCA 2010). This court’s mandate issued on April 9, 2010.
Despite the dismissal of the circuit court malpractice action, Appellant filed a motion to set aside the arbitration award or, alternatively, to stay in both the dismissed malpractice action and the arbitration case. This was met with Appellees’ motion to strike based on the trial court’s lack of jurisdiction over them based on the prior dismissal. The trial court refused to rule on the motion to set aside, granted the motion to stay, and denied Appellees’ motion to strike.
Appellant later filed the aforementioned motions to extend that stay and set aside in both that action and the arbitration case. During the hearing, counsel for Appellant candidly acknowledged that he was seeking to delay matters pending a decision by the Florida Supreme Court, which he hoped would find the arbitration agreement at issue in the arbitration case unenforceable and “give retroactive application to their decision,” and, thus, bring Appel-lees back into the case.
Rather than admonish counsel for this delay tactic, the trial court told counsel:
I understand exactly what you’re trying to do.... And if you had been right on this issue all along, then I think you deserve the — reap the benefits of it.... I think what I’m going to do is continue all pending motions in this case for three months.... I’m not granting the motion to stay. I’m just kicking it down the road for three months to — I’m just not going to do anything for three months, and you can get a date to continue it.
As Appellees correctly point out, by the trial court’s dismissal of the action against them, and the subsequent affirmance of that dismissal, the trial court no longer has jurisdiction over Appellees. Rather than strike Appellant’s motions, however, the trial court acquiesced in Appellant’s attempt to delay the trial court’s compliance with the mandate issued by this court al *1124 most three years ago. See Basic Energy Corp. v. Hamilton County, 667 So.2d 249, 250 (Fla. 1st DCA 1995) (holding “ ‘[a] trial court’s role upon the issuance of a mandate from an appellate court becomes purely ministerial and its function is limited to obeying the appellate court’s order or decree.... A trial court does not have discretionary power to alter or modify the mandate of an appellate court in any way, shape or form,’ and may not ‘change the law of the case as determined by the highest court hearing the case.’”) (quoting Torres v. Jones, 652 So.2d 893, 894 (Fla. 3d DCA 1995)).
Accordingly, we GRANT this writ of prohibition and REMAND to the trial court with directions that Appellant’s motions be stricken for lack of jurisdiction. The lower court shall take no further action in lower tribunal case number 16-2008-CA000130 with respect to Appellees.
DAVIS, THOMAS, and RAY, JJ., concur.