SALTER, J.
1st Priority Restoration, Inc. (1st Priority), appeals non-final orders entered by the circuit court in a case involving a $4,898.87 invoice rendered for cleaning up water damage in the appellee’s, Mr. Sa-lame’s, home in 2007. Initially, this routine consumer dispute seemed to have been settled with two simple terms — Mr. Salame would pay the invoice, and 1st Priority or its attorney would return a rug or rugs to Mr. Salame.
*1173 In the attempted consummation of this settlement, however, the routine consumer dispute escalated into a stop payment order issued by Mr. Salame on his settlement check based on his allegations that three of his four rugs had not been returned by 1st Priority (and that the fourth had been damaged). This second dispute spawned years of pleadings, hearings, and judicial labor to consider claims for civil theft, check fraud, and attorney’s fees and costs.
1st Priority’s initial notice of appeal sought review of an order granting summary judgment to Mr. Salame on Counts II and III of 1st Priority’s amended complaint—these were the statutory claims for civil theft and check fraud—and transferring the case to the county court on Count I, the remaining breach of contract claim.[1] That order was rendered in the circuit court on November 2, 2012. Although 1st Priority moved for reconsideration and rehearing of the order within ten days, that motion was not one which would delay “rendition” of the non-final order of November 2, 2018. Fla. R. App. P. 9.020(h). The circuit court denied the motion for reconsideration or rehearing on November 13, 2012. The notice of appeal was filed December 6, 2012, which made it untimely as to the order of November 2, 2012, and timely only as to the order denying reconsideration and rehearing.[2]
More significantly, the notice of appeal was not taken from a final order or from one of the limited categories of non-final order that may be appealed on an interlocutory basis. Fla. R. App. P. 9.110, 9.130(a)(3). That portion of the order granting a motion for summary judgment on Counts II and III was not a final, appealable order. Castillo v. Deutsche Bank Nat’l Trust Co., 57 So.3d 965 (Fla. 3d DCA 2011). That portion of the order transferring the case to the county court also was not final or appealable, as the underlying net damages amount (invoice amount, already awarded, less any setoff for the alleged failure to return rugs) has not yet been adjudicated and reduced to a final judgment.[3]
Nor has our jurisdiction been properly invoked by Mr. Salame’s cross-notice of appeal. The cross-notice was filed July 16, 2013, purportedly seeking review of another non-final order (a May 2012 order granting 1st Priority’s motion for summary judgment on Count I). Under Florida Rule of Appellate Procedure 9.110(g), a cross-appeal would have been untimely after December 16, 2012, even if taken from an appealable order.
Appeal and cross-appeal dismissed.

. 1st Priority had already obtained a summary judgment on that count, but not a final judgment awarding the $4,898.87 invoice amount and interest. The circuit court correctly determined that the remaining amount in controversy warranted a transfer of the case to the county court. DNA Ctr. for Neurology & Rehabilitation v. Progressive Am. Ins. Co., 13 So.3d 74 (Fla. 5th DCA 2009).

. The notice of appeal was filed December 6, 2012.

. Scheel v. Advance Mktg. Consultants, Inc., 277 So.2d 773 (Fla.1973) (order of transfer by circuit court to court of record held non-final and non-appealable, with review to abide the eventual outcome of the action). Scheel predates the current rules, and we doubt that it would apply had the circuit court simply dismissed the 1st Priority-Salame lawsuit for lack of jurisdiction.