DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT
*July Term 2014*

**MORIN MAGLOIRE** and **GERMAIN JEAN CLAUDE,**
Appellants,

v.

**THE BANK OF NEW YORK** as Trustee for the certificate holders **CWABS, INC. ASSET-BACKED CERTIFICATES, SERIES 2006-23,**
Appellee.

No. 4D11-4540

[September 10, 2014]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Joel T. Lazarus, Judge; L.T. Case No. 08-48996 CACE 21.

S. Tracy Long of Law Offices of S. Tracy Long, P.A., Deerfield Beach (withdrawn as counsel after filing brief); Morin Magloire and Germain Jean-Clause, Lauderdale Lakes, pro se.

Michael P. Bruning of Connolly, Geaney, Ablitt & Willard, P.C., West Palm Beach, for appellee.

PER CURIAM.

The homeowners appeal the trial court's order granting final summary judgment of foreclosure in favor of the bank. The homeowners argue that the trial court erred in granting the bank's motion for summary judgment after the trial court previously dismissed the case for lack of prosecution. We agree.

On October 10, 2008, the bank filed a mortgage foreclosure complaint based on a mortgage and note executed by the homeowners in September of 2006. On October 15, 2008, the homeowners filed an answer to the complaint, in the form of a letter to the court, explaining that they had "experienced a serious hardships [sic] that have prevented [them] from making the mortgage payments on [their] primary residence." Additionally, they stated that they were trying to work with the leader "to work out a re-instatement or re-payment plan."

On November 19, 2009, the trial court filed a notice of intent to dismiss the bank's complaint after there had been no record activity in the case since November 5, 2008. The trial court set a hearing on the issue, and the bank filed a statement asserting good cause as to why the action should remain pending.[1] Within its response, the bank stated that it was currently evaluating the homeowner's loan to determine if the homeowners would qualify for a settlement offer, and asked the court to allow the case to remain open until the bank could complete negotiations with the homeowners. On December 16, 2009, the trial court entered a final order of dismissal of the bank's complaint, because there was "no record activity > 1 yr (since 11/5/2008) and no good cause."

On June 28, 2010, the bank filed a motion for summary judgment. Then, on November 9, 2011, a hearing was held on the bank's motion for summary judgment. On the same date, the trial court entered a summary final judgment of foreclosure in favor of the bank. The homeowners appeal this order.

There were no transcripts provided of the motion for summary judgment hearing, and it is therefore unknown whether the homeowners raised the issue of the previous dismissal of the case and the trial court's subsequent lack of jurisdiction over the case. However, "the issue of subject-matter jurisdiction . . . may be raised for the first time on appeal." *Rudel v. Rudel*, 111 So. 3d 285, 291 (Fla. 4th DCA 2013).[2]

"Whether a court has subject matter jurisdiction is a question of law reviewed de novo." *Sanchez v. Fernandez*, 915 So. 2d 192, 192 (Fla. 4th DCA 2005).

A trial court lacks jurisdiction to hear a case once it has been dismissed. *See Gardner v. Nioso*, 108 So. 3d 1122, 1123 (Fla. 1st DCA 2013) ("[B]y the trial court's dismissal of the action against them, and the subsequent affirmance of that dismissal, the trial court no longer has jurisdiction over Appellees."); *Harrison v. La Placida Cmty. Ass'n*, 665 So. 2d 1138, 1141 (Fla. 4th DCA 1996) ("Once [the defendat] was dismissed,

---

[1] "[T]he action shall be dismissed by the court on its own motion or on the motion of any interested person, whether a party to the action or not, after reasonable notice to the parties, unless a party *shows good cause* in writing at least 5 days before the hearing on the motion why the action should remain pending. Mere inaction for a period of less than 1 year shall not be sufficient cause for dismissal for failure to prosecute." Fla. R. Civ. P. 1.420(e) (emphasis added).

[2] The type of jurisdiction at issue in the instant case is that of subject-matter jurisdiction. *See Bernard v. Rose*, 68 So. 3d 946, 948 (Fla. 3d DCA 2011) (referring to the trial court's jurisdiction over a case after a dismissal for lack of prosecution as that of subject-matter jurisdiction).

the trial court no longer had jurisdiction over her.'); *Ludovici v. McKiness*, 545 So. 2d 335, 336 n.3 (Fla. 3d DCA 1989) ("A trial court lacks jurisdiction to vacate an order of dismissal without prejudice after the order becomes final. An exception to this finality is a Rule 1.540 motion. The trial court has jurisdiction to entertain a timely motion for rehearing or to revisit the cause on the court's own initiative within the time allowed for a rehearing motion.") (internal citations omitted); *Derma Lift Salon, Inc v. Swanko*, 419 So. 2d 1180, 1180-81 (Fla. 3d DCA 1982). ("The trial court's order of dismissal entered May 11, 1982, albeit 'without prejudice,' was a final appealable order, subject to the further jurisdiction of the trial court only upon a timely filed motion for rehearing under Florida Rul eof Civil Procedure 1.530.") (internal citation omitted). Since there was no motion for rehearing or motion to vacate filed or ruled upon regarding the order of dismissal in the instant case, the trial court did not have jurisdiction to enter an order granting the bank's subsequently-filed motion for summary judgment. Additionally, although the trial court's final order of dismissal was entered "without prejudice to refile," the bank never refiled the complaint prior to filing its motion for summary judgment.

The bank argues that the trial court's order should be allowed to stand because it exercised its powers of "equitable jurisdiction" in granting the bank's motion for summary judgment. However, we find the bank's argument, basically that equitable jurisdiction can replace subject-matter jurisdiction, unconvincing. *See* Black's Law Dictionary 18(c) (9th ed. 2009) (quoting William Q. de Funiak, *Handbook of Modern Equity* 38 (2d ed. 1956)) ("[T]he term equity jurisdiction does not refer to jurisdiction in the sense of the power conferred by the sovereign on the *court over specified subject-matters* or to jurisdiction over the res or the persons of the parties in a particular proceeding but refers rather to the merits. The want of equity jurisdiction does not mean that the court has no power to act but that it should not act, as on the ground, for example, that there is an adequate remedy at law.") (emphasis added) (internal quotation marks omitted).

Therefore, we reverse the trial court's order granting the bank's motion for summary judgment and remand the case to the trial court for proceedings consistent with this opinion.

*Reversed and remanded.*

GROSS, GERBER and CONNER, JJ., concur.

\*          \*          \*

***Not final until disposition of timely filed motion for rehearing.***

3