DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**VITALY ALEKSEYEV** and **IRINA ALEKSEYEV**
a/k/a **IRINA SHAPIRO,**
Appellants,

v.

**U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, SUCCESSOR IN INTEREST TO BANK OF AMERICA, NATIONAL ASSOCIATION AS TRUSTEE SUCCESSOR BY MERGER TO LASALLE BANK N.A., AS TRUSTEE FOR WAMU MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2006-AR15 TRUST, CLUB TWO OF HALLANDALE CONDOMINIUM ASSOCIATION, INC.,** and **BEACH CLUB MASTER ASSOCIATION, INC.,**
Appellees.

No. 4D14-2668

[March 23, 2016]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Cynthia G. Imperato, Judge; L.T. Case No. 10-1226 (11).

Kenneth Eric Trent of Kenneth Eric Trent, P.A., Fort Lauderdale, for appellants.

William L. Grimsley and N. Mark New II of McGlinchey Stafford, Jacksonville, for appellee U.S. Bank National Association.

LEVINE, J.

Appellants appeal the lower court's entry of final judgment of foreclosure in favor of U.S. Bank N.A. Because we find that the trial court was without jurisdiction when it entered the order from which appellants appeal, we do not reach the merits and instead remand with instructions to reinstate the previously entered final judgment of May 11, 2010.

Bank of America, N.A., brought a foreclosure action against appellants. The lower court granted Bank of America's summary judgment motion and entered a final judgment of foreclosure on May 11, 2010. Appellants did not appeal.

Almost two years after entry of final judgment, appellants moved to vacate the final judgment, arguing that Bank of America's complaint failed to establish standing. The lower court granted appellants' motion and vacated the final judgment because Bank of America's complaint failed to state a cause of action. Bank of America then substituted U.S. Bank as plaintiff, and the case proceeded to trial. Following trial, the lower court entered final judgment of foreclosure in favor of U.S. Bank on March 13, 2014.

Although neither party presents an argument regarding the trial court's subject matter jurisdiction, a defect in the trial court's jurisdiction may be raised sua sponte for the first time on appeal. *See Ruffin v. Kingswood E. Condo. Ass'n*, 719 So. 2d 951, 952 (Fla. 4th DCA 1998); *DNA Ctr. For Neurology & Rehab. v. Progressive Am. Ins. Co.*, 13 So. 3d 74, 75 (Fla. 5th DCA 2009). *See also Snider v. Snider*, 686 So. 2d 802, 804 (Fla. 4th DCA 1997) ("Subject matter jurisdiction is conferred upon a court by a constitution or statute, and cannot be created by waiver, acquiescence or agreement of the parties.")

The trial court loses jurisdiction over a case after it becomes final except to the extent it specifically reserves jurisdiction to enforce the judgment and as provided by the Florida Rules of Civil Procedure. *NAFH Nat'l Bank v. Aristizabal*, 117 So. 3d 900, 902 (Fla. 4th DCA 2013); *Ross v. Wells Fargo Bank*, 114 So. 3d 256, 257 (Fla. 3d DCA 2013).

Pursuant to Florida Rule of Civil Procedure 1.540, a trial court retains jurisdiction to grant relief following final judgment in a few limited circumstances. Under rule 1.540(b)(4), a void judgment may be vacated at any time. Nevertheless, this rule does not permit vacating a judgment that is merely "voidable." *Phadael v. Deutsche Bank Trust Co. Ams.*, 83 So. 3d 893, 894-95 (Fla. 4th DCA 2012); *Bank of N.Y. Mellon v. Condo. Ass'n of La Mer Estates, Inc.*, 175 So. 3d 282, 286 (Fla. 2015). To attack a voidable judgment, one must do so by appeal or by filing a timely motion to vacate pursuant to one of the other enumerated grounds in rule 1.540(b). *Condo. Ass'n of La Mer Estates, Inc. v. Bank of N.Y. Mellon Corp.*, 137 So. 3d 396, 399 (Fla. 4th DCA 2014) (en banc), *aff'd* 175 So. 3d 282 (Fla. 2015).

Where a complaint fails to establish standing, the resulting judgment is voidable, not void. *Phadael*, 83 So. 3d at 895. Similarly, "a default judgment, which is based on a complaint that fails to state a cause of action, is voidable, rather than void." *Condo. Ass'n of La Mer Estates*, 175 So. 3d at 285.

In the present case, regardless of whether the underlying complaint failed to establish standing or failed to state a cause of action, the resulting judgment would be voidable, not void. Thus, rule 1.540(b)(4) was inapplicable. Therefore, the trial court was without jurisdiction to vacate the 2010 final judgment and reopen the case after it had been final for more than a year. The trial court was further without jurisdiction to entertain proceedings in a case where it had already lost jurisdiction. *Ross,* 114 So. 3d at 257.

We therefore reverse and remand with directions to vacate the final judgment of foreclosure entered on March 13, 2014, to reinstate the final judgment entered on May 11, 2010, and for further proceedings consistent with this opinion.

*Reversed and remanded with directions.*

GROSS and CONNER, JJ., concur.

*         *         *

***Not final until disposition of timely filed motion for rehearing.***

3