IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

THOMAS D. FRANKLIN,

      Appellant,

v.

BANK OF AMERICA, N.A.,
SUCCESSOR IN INTEREST BY
MERGER OF NATIONSBANK,
N.A.,

      Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D15-4296

Opinion filed October 19, 2016.

An appeal from the Circuit Court for Clay County.
Daniel Wilensky, Judge.

Thomas D. Franklin, pro se, Appellant.

Mary J. Walter of Liebler Gonzalez & Portuondo, Miami, for Appellee.

BILBREY, J.

      Thomas D. Franklin appeals the Summary Final Judgment of Foreclosure

entered August 31, 2015, against him and in favor of Bank of America, N.A.,

successor in interest by merger of NationsBank, N.A., (BOA). Because we hold

that the trial court's jurisdiction expired prior to the entry of the judgment on appeal, we reverse and remand for dismissal of the action.[1]

BOA commenced the action by filing its initial complaint on February 2, 2009. It alleged a single count for foreclosure due to Mr. Franklin's default in May 2008, and alleged that it was "now the holder of the Mortgage and Note and/or is entitled to enforce the Mortgage Note and Mortgage." BOA attached copies of the note and mortgage to its complaint. While not specifically referred to by citation, BOA was clearly proceeding to enforce as the holder of the note or as a non-holder in possession with rights of a holder. § 673.3011(1) & (2), Fla. Stat. (2009). A holder is a "person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession." § 671.201(21), Fla. Stat. (2009). "A plaintiff must tender the original promissory note to the trial court or seek to reestablish the lost note under section 673.3091, Florida Statutes." Servedio v. U.S. Bank Nat'l Ass'n, 46 So. 3d 1105, 1107 (Fla. 4th DCA 2010).

Appellant denied BOA's allegations that it was entitled to enforce the note in his answer to the complaint and subsequent motions, thus making BOA's standing, via its possession of the original note at the time the complaint was filed,

[1] Although Appellant appeals the Summary Final Judgment of Foreclosure entered August 31, 2015, rule 9.110(h), Florida Rules of Appellate Procedure provides that this Court "may review any ruling or matter occurring before the filing of the notice [of appeal]." Accordingly, the determinative order for this Court's review on the record is the order entered April 29, 2014, subsequent to the court's order dismissing the action "without prejudice" on February 18, 2014.

a material issue of fact it was required to prove.  See Lacombe v. Deutsche Bank Nat. Trust Co., 149 So. 3d 152, 154 (Fla. 1st DCA 2014).  After BOA failed to produce the original note during discovery, Appellant sought to compel such production.  In its order entered January 31, 2013, after the case had been pending for nearly four years, the trial court ordered BOA to file the original note and mortgage within 30 days of the order.  BOA failed to do so.

On May 2, 2013, Appellant filed his motion to dismiss the case due to BOA's failure to comply with the court's order.  That motion was denied by order entered August 14, 2013, but the court stated that its previous order compelling BOA to file the original note was still in effect.  Nearly six months later, on February 2, 2014, Appellant filed his second motion to dismiss, based on BOA's persistent failure to comply with the court's order to produce the original documents.  The court granted the motion to dismiss, "without prejudice," on February 18, 2014.  Because the court granted Appellant's second motion to dismiss, that motion was no longer pending before the court.  BOA did not file a motion for rehearing of this order.

Although Mr. Franklin erroneously filed and served a notice of hearing on his second motion to dismiss a few days after the entry of the court's order granting the motion, this notice did not constitute a motion for rehearing.  This mistaken "notice" did not postpone the entry of the order, revive the pendency of

3

his second motion to dismiss, or toll the time for any challenge to the order by BOA.[2] Mr. Franklin consistently argued, at the final summary judgment hearing and in his appellate briefs, that the case was closed by the order entered February 18, 2014, and that the subsequent orders, including the final order on BOA's motion for summary judgment, were entered without jurisdiction.[3]

After the entry of the order granting Mr. Franklin's second motion to dismiss, on February 18, 2014, seventy days passed without the filing of any motion by either party. If there was a hearing on Mr. Franklin's unauthorized notice of hearing, no transcript is contained in the record to indicate any oral motion or ruling. But on April 29, 2014, without explanation or reference to its order granting the motion to dismiss on February 18, 2014, the trial court entered a second order on Mr. Franklin's second motion to dismiss, this time denying the motion and directing BOA to file an amended complaint within sixty days. With additional delays caused by BOA's failure to timely file its amended complaint, the litigation progressed. After the eventual filing of the amended complaint, which

---

[2] BOA argues that since both parties continued to litigate after the February 18, 2014, order, Appellant's contention that the trial court's lacked subject matter jurisdiction is not valid. However, it is well-settled that subject matter jurisdiction cannot be conferred by agreement. MCR Funding v. CMG Funding Corp., 771 So. 2d 32 (Fla. 4th DCA 2000); Seven Hills, Inc. v. Bentley, 848 So. 2d 345 (Fla. 1st DCA 2003).

[3] Even had Mr. Franklin not raised it below, a trial court's lack of subject matter jurisdiction may be raised for the first time on appeal. Magloire v. Bank of New York, 147 So. 3d 594, 596 (Fla. 4th DCA 2014).

4

asserted a new cause of action to enforce a lost note, and upon BOA's motion for summary judgment, the trial court entered summary final judgment of foreclosure in favor of BOA on August 31, 2015.

While the circuit court undoubtedly had subject matter jurisdiction over the foreclosure action when it commenced, the trial court never addressed the viability of its jurisdiction over the case after the entry of the order of dismissal on February 18, 2014, and the passage of time thereafter. While a court may begin with jurisdiction over an action, that jurisdiction does not endure infinitely. The entry of an order dismissing this case, without prejudice but without indicating leave to amend or other future judicial action in that particular case, together with the lack of a motion for rehearing, notice of appeal, or motion for relief from the order resulted in finality and the concomitant loss of the court's jurisdiction in this particular case. Magloire v. Bank of New York, 147 So. 3d 594, 596 (Fla. 4th DCA 2013) (reversing final summary judgment due to lack of "subject-matter jurisdiction" in absence of motion for rehearing or to vacate previous order dismissing case "without prejudice" for lack of prosecution); see also 14302 Marina San Pablo Place SPE, LLC, v. VCP-San Pablo, Ltd., 92 So. 3d 320, 321 (Fla. 1st DCA 2012) (Ray, J., concurring) (discussing "case jurisdiction" or "procedural jurisdiction" to enter subsequent orders on the merits after previous entry of final judgment).

5

The finality of the order entered February 18, 2014, is not explicitly stated. However, in light of rule 1.420(b), Florida Rules of Civil Procedure and the history of the case at that point, together with the appealable nature of that order, we find the order final for purposes of determining the trial court's jurisdiction to enter the subsequent order on April 29, 2014.

First, the order granting Appellant's second motion to dismiss "without prejudice" did not include the terms "with leave to amend" such that an amended complaint was expressly contemplated. The phrase "without prejudice" does not necessarily invite any further action in the case, particularly when previous orders setting deadlines have been violated and dismissal is sought as a sanction for such violation. When leave to amend is not specified in the order, "without prejudice" can indicate the trial court's intention to "bring an end to the judicial labor in the action." In such cases, like Carlton v. Wal-Mart Stores, Inc., 621 So. 2d 451, 452 (Fla. 1st DCA 1993), "it is clear that it is 'without prejudice' to file another, separate, action, rather than 'without prejudice' to file an amended complaint in the first action."

The trial court's inclusion of the phrase "without prejudice" is further explained by rule 1.420(b), Florida Rules of Civil Procedure, which provides that unless otherwise stated in the order, a dismissal under that rule operates as an adjudication on the merits. Thus, a second lawsuit on the same note, mortgage,

6

and default is barred as res judicata unless the court includes the phrase "without prejudice" in the order of dismissal.  Schinder v. Bank of New York Mellon Trust Co., 190 So. 3d 102 (Fla. 4th DCA 2015).  Accordingly, the trial court's intention to allow BOA to file a new action based on a lost note, rather than an existing note in its possession, is entirely consistent with its use of the phrase "without prejudice" in the order entered February 18, 2014.

The history of the case also supports the final, appealable nature of the order entered February 18, 2014, as a sanction for discovery abuses.  Orders dismissing foreclosure actions "without prejudice" after the plaintiff failed to comply with discovery orders were appealed in Bank of New York Mellon v. Kossis, 165 So. 3d 793 (Fla. 4th DCA 2015) (reversing order dismissing action without prejudice as sanction for discovery violations due to lack of written findings of willful or intentional defiance of court order); and Wells Fargo Bank, N.A. v. Stahler, 115 So. 3d 1105 (Fla. 5th DCA 2013) (same).  However, in this case, BOA did not appeal the order of dismissal entered February 18, 2014.

It is well-settled that after a final, appealable order is entered by the trial court, the court's jurisdiction to enter additional rulings is limited, and decreases as time progresses.  During the time a motion for rehearing may be filed, "the trial court is said to retain continuing jurisdiction over the case.  If, however, the rehearing mechanism is not triggered by the service of a timely motion, then '[i]t is

the established law of this state that a trial court loses jurisdiction of a case at the expiration of the time for filing a petition for rehearing . . .'" Pruitt v. Brock, 437 So. 2d 768, 772-73 (Fla. 1st DCA 1983) quoting Mid-State Homes, Inc. v. Ritchie, 181 So. 2d 725, 727 (Fla. 1st DCA 1966); see also HSBC Bank USA, N.A. v. Reed, 76 So. 3d 965, 966 (Fla. 1st DCA 2011) (same). If no motion for rehearing is filed, and no appeal taken, then only the "third mechanism" to obtain review by the trial court of its order — a motion for relief from judgment or order, pursuant to rule 1.540, Florida Rules of Civil Procedure — is available. Pruitt, 437 So. 2d at 773. However, the record in this case does not reflect any pending motions between February 18, 2014 and April 29, 2014, a span of 70 days.

The time to move for rehearing of the order entered February 18, 2014, expired on March 5, 2014. Fla. R. Civ. P. 1.530(b). The trial court's jurisdiction to rescind or amend its order thus expired on this date. The time to appeal the order expired on March 20, 2014. Fla. R. App. P. 9.110(b). At that time, there was no motion pending in the trial court and the case stood dismissed. The court had no jurisdiction to further entertain BOA's claim against Mr. Franklin on the same cause of action.

Accordingly, the order entered April 29, 2014, denying Mr. Franklin's second motion to dismiss (despite the previous grant of the same motion on February 18, 2014) and directing BOA to file an amended complaint in the same

8

case was a nullity.  See Ross v. Wells Fargo Bank, 114 So. 3d 256 (Fla. 3d DCA 2013) (trial court's jurisdiction had expired prior to entry of three orders subsequent to final judgment of foreclosure against original defendant; trial court's allowance of supplemental complaint in same suit against additional defendant vacated).  Likewise, the trial court was without jurisdiction to enter the summary final judgment of foreclosure on August 31, 2015, due to the finality of the order dismissing the action on February 18, 2014.  Magloire, 147 So. 3d at 596; see also Travelers Cas. & Sur. Co. of Am. v. Culbreath Isles Prop. Owners Ass'n, Inc., 103 So. 3d 896, 899 (Fla. 2d DCA 2012) (writ of prohibition warranted where trial court exceeded jurisdiction by allowing plaintiff to file supplemental complaint to pursue third-party indemnification claim after expiration of time for rehearing of final judgment in case-in-chief).

Because the trial court's order entered February 18, 2014, was final and appealable after the time to file for rehearing expired, and because no motion for relief from that order appears in the record, the orders of the trial court entered on April 29, 2014, and thereafter, were entered without jurisdiction and are nullities, of no effect.  This case is remanded for dismissal of the case, under the trial court's order entered February 18, 2014.[4]

---

[4]We do not reach the issue of the effect of the statute of limitations upon any subsequent, separate foreclosure action filed by BOA against Mr. Franklin, or whether later defaults might be actionable, as that issue is beyond the scope of this

9

REVERSED and REMANDED.

LEWIS and WINOKUR, JJ., CONCUR.

appeal.  See Deutsche Bank Trust Co. Americas v. Beauvais, 188 So. 3d 938 (Fla. 3d DCA 2016) (en banc).