DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**NOEL RODRIGUEZ** a/k/a **NOEL ALEXIS RODRIGUEZ NEVINS,**
Appellant,

v.

**TEMPERATURE CONCEPTS, INC.** and **ROBERT MARK BORDONI,**
Appellees.

No. 4D18-2434

[ March 27, 2019 ]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Donald W. Hafele, Judge; L.T. Case No. 502015CA011087.

Christopher R. Turner of Christopher R. Turner, PLLC, Orlando, for appellant.

Angelo A. Gasparri of Angelo A. Gasparri, P.A., Boynton Beach, for appellees.

TAYLOR, J.

Noel Rodriguez appeals the trial court's entry of final summary judgment in favor of Temperature Concepts, Inc., and Robert Mark Bordoni. The judgment was entered after the trial court reopened the case six months after it had entered an order of dismissal. Because the trial court was without jurisdiction when it reopened the case and entered summary judgment, we reverse the final judgment and remand for reinstatement of the prior order of dismissal. Accordingly, we do not reach the merits of the parties' arguments concerning evidence to support the final summary judgment.

Temperature Concepts and Bordoni brought an action against appellant for civil theft, constructive fraud, conversion, and unjust enrichment. More than 120 days elapsed and appellant still had not been served with the complaint. On March 21, 2016, the trial court *sua sponte* entered an order directing Temperature Concepts and Bordoni to effect service upon appellant within ten days or to file a motion to show good cause or excusable neglect. The court's order added that failure to comply would result in a dismissal of the case, without further notice or court

order. Neither Temperature Concepts nor Bordoni responded to the order. On April 11, 2016, the trial court entered an order dismissing the case. No motion for rehearing was filed.

Four months after the dismissal order, an affidavit of diligent search and inquiry was filed with the court, which noted that there had been one unsuccessful attempt to serve process two weeks after the complaint had been filed.

On October 28, 2016, more than six months after the dismissal order, Temperature Concepts and Bordoni filed a motion to reopen the case to perfect service, alleging that they had made multiple attempts to locate appellant and that they believed he was willfully avoiding service. After a December 2016 hearing, the trial court granted the motion to reopen the case and permitted Temperature Concepts and Bordoni 120 days to serve appellant. On June 13, 2018, the trial court entered final summary judgment in favor of Temperature Concepts and Bordoni.

On appeal, the parties mainly dispute whether the trial court abused its discretion by reopening the case to allow Temperature Concepts and Bordoni to perfect service upon appellant and whether competent substantial evidence supported the final summary judgment. They do not address the trial court's loss of subject matter jurisdiction after it dismissed the case and the dismissal order became final.

Even if "neither party presents an argument regarding the trial court's subject matter jurisdiction, a defect in the trial court's jurisdiction may be raised sua sponte for the first time on appeal." *Alekseyev v. U.S. Bank Nat'l Ass'n*, 189 So. 3d 935, 937 (Fla. 4th DCA 2016).

It is well settled that the trial court loses jurisdiction over a case after it becomes final, with the exception that the trial court has jurisdiction to entertain a timely filed motion under Florida Rule of Civil Procedure 1.540. *See Magloire v. Bank of N.Y.*, 147 So. 3d 594, 596 (Fla. 4th DCA 2014). Outside of a rule 1.540 motion, when an order of dismissal is filed, "[t]he trial court has jurisdiction to entertain a timely motion for rehearing or to revisit the cause on the court's own initiative within the time allowed for a rehearing motion." *Id.* (quoting *Ludovici v. McKiness*, 545 So. 2d 335, 336 n.3 (Fla. 3d DCA 1989)). A motion for new trial or rehearing must be served no later than fifteen days after the return of the verdict or the filing of a judgment. Fla. R. Civ. P. 1.530(b); *Randall v. Griffin*, 204 So. 3d 965, 967 (Fla. 5th DCA 2016).

In this case, after the trial court entered its dismissal order on April 11,

2016, Temperature Concepts and Bordoni had fifteen days within which to file a motion for rehearing. Alternatively, the court could have, on its own initiative, reconsidered its decision within that same fifteen-day period. Because neither of these actions took place, the order became final and the trial court lost jurisdiction over the case on April 26, 2016. Therefore, the trial court was without jurisdiction when, more than six months later, it entertained and granted the motion to reopen the case to perfect service.

Accordingly, we reverse and remand with directions to vacate the final judgment entered on June 13, 2018 and reinstate the final order of dismissal entered on April 11, 2016.

*Reversed and Remanded with directions.*

GERBER, C.J., and KUNTZ, J., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**

3