DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY,**
Petitioner,

v.

**TIFFANIE HOFFMAN** o/b/o K.P., a minor,
Respondent.

No. 4D22-1614

[October 26, 2022]

Petition for writ of prohibition to the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; James Nutt, Judge; L.T. Case No. 502016CA000723.

Bretton C. Albrecht and Laurie J. Adams of Kubicki Draper, P.A., West Palm Beach, for petitioner.

Jeff Tomberg of Jeff Tomberg Esq., LLC, Boynton Beach, for respondent.

PER CURIAM.

Allstate Fire and Casualty Insurance Company ("Allstate") petitions for a writ of prohibition, seeking to prevent the circuit court from continuing to exercise jurisdiction over the cause below. Allstate contends that the trial court lacked jurisdiction to sua sponte vacate a final order of dismissal nearly six years after it was entered. We agree and grant the petition.

Tiffanie Hoffman ("Respondent") brought an action on behalf of K.P., a minor child, seeking damages and court approval of minor settlements. The complaint named Allstate among several defendants.

On July 16, 2016, the trial court dismissed the case for failure to timely serve process on any of the defendants. The dismissal order did not incorporate the purported settlement agreements or reserve jurisdiction. Respondent did not move for rehearing or refile the claim. On September 14, 2016, Respondent filed an ex-parte motion to reopen the case, which was never ruled upon.

In September 2021, Respondent filed a motion for leave to file an amended complaint. The trial court granted the motion, and Respondent served Allstate with process. On May 5, 2022, Allstate moved for summary judgment, arguing the final dismissal order divested the trial court of jurisdiction over the case. On May 16, 2022, the trial court sua sponte set aside the dismissal order and reopened the case.

Prohibition lies to prevent a court from acting in excess of its jurisdiction. *English v. McCrary*, 348 So. 2d 293, 297 (Fla. 1977). "[W]hen an order of dismissal is filed, '[t]he trial court has jurisdiction to entertain a timely motion for rehearing or to revisit the cause on the court's own initiative within the time allowed for a rehearing motion.'" *Rodriguez v. Temperature Concepts, Inc.*, 267 So. 3d 36, 38 (Fla. 4th DCA 2019) (quoting *Magloire v. Bank of N.Y.*, 147 So. 3d 594, 596 (Fla. 4th DCA 2014)). A motion for rehearing must be served no later than fifteen days after the return of the verdict or the filing of a judgment. Fla. R. Civ. P. 1.530(b). If neither action takes place within that time, the trial court loses jurisdiction over the case, "with the exception that the trial court has jurisdiction to entertain a timely filed motion under Florida Rule of Civil Procedure 1.540." *Rodriguez*, 267 So. 3d at 38. Otherwise, "[a] trial court may, *on its own initiative*, correct clerical errors at anytime pursuant to Florida Rule of Civil Procedure 1.540(a)." *Corvette Country, Inc. v. Leonardo*, 997 So. 2d 1272, 1273 (Fla. 4th DCA 2009).

In the present case, the dismissal order was filed on July 16, 2016. Respondent did not move for rehearing, and the court did not revisit the cause on its own initiative within the time allowed for rehearing. Accordingly, the trial court lost jurisdiction over the case, except as provided in Florida Rule of Civil Procedure 1.540.

On September 14, 2016, Respondent filed an ex parte motion to reopen the case, which she contends the trial court treated as a timely motion for relief from judgment under Florida Rule of Civil Procedure 1.540(b)(1). However, the trial court set aside the dismissal sua sponte, not on Respondent's motion. The court lacked jurisdiction to sua sponte vacate the final order of dismissal after the time to move for rehearing expired. *See Leonardo*, 997 So. 2d at 1273-74.

A trial court is divested of case jurisdiction when the time to move for rehearing from a final order of dismissal expires, with the narrow exception that the court may act pursuant to Florida Rule of Civil Procedure 1.540. Prohibition is a proper remedy where, as here, a circuit court vacates a final order of dismissal without jurisdiction. *Derma Lift Salon, Inc. v. Swanko*, 419 So. 2d 1180, 1180 (Fla. 3d DCA 1982); *Aqua Life Corp. v. Reyes*, 160 So. 3d 117, 119 (Fla. 3d DCA 2015).

2

We therefore grant the petition for writ of prohibition and quash the order vacating the dismissal.

*Petition granted; order quashed.*

KLINGENSMITH, C.J., CIKLIN and LEVINE, JJ., concur.

* * *

**Not final until disposition of timely filed motion for rehearing.**