# Third District Court of Appeal

## State of Florida

Opinion filed October 30, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-1889
Lower Tribunal No. 2021-22094-CA-01

_____

**Mark W. Rickard, et al.,**
Appellants,

vs.

**Innovative Technologies & Consulting Limited Corp., et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Lourdes Simon, Judge.

Law Guard and Mark W. Rickard (Plantation), for appellants.

Mediation and Arbitration Offices of Laurie Riemer, Esq., LLC and Laurie Riemer, for appellee Laurie Riemer.

Before LOGUE, C.J., and LINDSEY and GORDO, JJ.

GORDO, J.

Mark W. Rickard, Evelina Libhen and Ekaterina Zakharova (collectively, the "Appellants") appeal a final order granting Laurie L. Riemer's ("Riemer") motion for mediation fees.[1] We have jurisdiction. Fla. R. App. P. 9.030(b)(1)(A). Because the trial court lacked jurisdiction to rule on Riemer's motion for mediation fees, we reverse.

**I.**

Rickard and Libhen represented Zakharova as her counsel in the underlying action against her husband and his company for indemnification, fraudulent transfer of real property and unjust enrichment. Two other cases, one for foreclosure and another for specific performance, were pending on the same property, brought by different parties.[2] The trial court consolidated all three cases for administrative purposes and ordered mediation on January 13, 2023. Zakharova was not a party to the other two cases.

On January 25, 2023, Riemer filed a notice of appointment as mediator and conducted mediation for all three cases, resulting in three separate

---

[1] This appeal concerns the trial court's order holding the Appellants jointly and severally liable for their share of outstanding mediation fees owed to Riemer, who is not a party to the underlying action, and solely addresses the issue of her mediation fees award.

[2] 2020-11570-CA-01, Great Ocean Properties LLC v. Sergey Slastikhin, et al. (foreclosure) and 2021-11079-CA-01, Shemuel Maya, et al. v. Sergey Slastikhin, et al. (specific performance).

agreements for each case contingent on the private sale of the property. Zakharova's agreement explicitly stated that any breach shall render the agreement null and void, and the matter shall continue unabated. Zakharova filed a notice of filing settlement agreement along with her motion to ratify. On March 13, 2023, the trial court entered an order ratifying the agreement, closed Zakharova's case, and reserved jurisdiction to enforce its terms. Neither the settlement agreement nor the order ratifying it contained any provisions regarding the mediation fees.

The closing on the sale of the property did not occur, resulting in a breach of Zakharova's settlement agreement with her husband. On May 3, 2023, the party seeking specific performance moved for additional mediation and enforcement of the mediated settlement agreement. On May 9, 2023, Zakharova entered into a new settlement with her husband and opposed further mediation. Later that day, the trial court ordered all parties to participate in additional mediation with Riemer. On May 10, 2023, Riemer sent another notice of mediation and all parties participated in the mediation conference. After the conference, the Appellants refused to pay their portion of mediation fees, arguing they only participated due to the possibility of a universal settlement agreement among all parties, which did not occur.

On June 26, 2023, Riemer filed a motion for mediation fees. On August 18, 2023, Zakharova entered into a revised settlement with her husband and submitted an agreed final judgment to the trial court. On August 28, 2023, the trial court entered the agreed final judgment. The revised settlement agreement and the agreed final judgment did not contain any provision related to the mediation fees. After entering its final judgment, the trial court conducted a hearing on Reimer's motion for mediation fees and granted the motion on September 22, 2023. This timely appeal followed.

## II.

"The extent to which a trial court has reserved jurisdiction in a final judgment is . . . a pure question of law that we review de novo." Selman v. Progressive Am. Ins. Co., 335 So. 3d 186, 188 (Fla. 3d DCA 2022).

On appeal, the Appellants argue the trial court lacked jurisdiction to award mediation fees because it entered the agreed final judgment before ruling on the fees.[3]

"Generally, a trial court loses jurisdiction upon the rendition of a final judgment and expiration of the time allotted for altering, modifying or vacating the judgment." Ross v. Wells Fargo Bank, 114 So. 3d 256, 257 (Fla. 3d DCA

---

[3] While the Appellants raise several arguments on appeal, the dispositive issue is whether the trial court retained jurisdiction in its final judgment to adjudicate Reimer's motion for mediation fees.

4

2013). "The court retains jurisdiction to the extent such is specifically reserved in the final judgment or to the extent provided by statute or rule of procedure." Id. "This Court has held that a reservation of jurisdiction must be specific." Cent. Mortg. Co. v. Callahan, 155 So. 3d 373, 376 (Fla. 3d DCA 2014). "[A]n order entered without . . . jurisdiction is void." Cesaire v. State, 811 So. 2d 816, 817 (Fla. 4th DCA 2002). "Under rule 1.540(b)(4), a void judgment may be vacated at any time." Alekseyev v. U.S. Bank Nat'l Ass'n, 189 So. 3d 935, 937 (Fla. 4th DCA 2016).

Here, the trial court issued its agreed final judgment on August 28, 2023. In its final judgment, the trial court did not reserve jurisdiction to do anything except enforce the settlement agreement between the parties. Because the agreed final judgment did not reserve jurisdiction to enforce mediation fees, we are compelled to conclude the trial court exceeded its authority by awarding mediation fees in a post-judgment proceeding to which Reimer was not a party. We, therefore, reverse the challenged order. See Selman, 335 So. 3d at 189 ("Without question, by entering the challenged order, the trial court was trying to accomplish equity. Nonetheless, despite such good intentions, given the facts of this case, we are compelled to conclude that the trial court exceeded its jurisdiction by awarding post-judgment relief that was beyond the terms of the parties' settlement

agreement and not contemplated by the final judgment . . . .  We, therefore, reverse the challenged order . . . ."); <u>Harrell v. Harrell</u>, 515 So.2d 1302, 1304 (Fla. 3d DCA 1987) (stating once a trial court enters a final judgment and the time for filing post-trial motions has expired, a trial court may not entertain post-judgment motions absent a rule to the contrary, "unless it specifically retained jurisdiction to do so in its final judgment"); <u>U.S. Bank Nat'l Ass'n v. Anthony–Irish</u>, 204 So. 3d 57, 60 (Fla. 5th DCA 2016) ("The court is said to act outside of its jurisdiction if it enters additional orders after . . . a final judgment that did not reserve jurisdiction for the specific purpose of entering those orders.").

Reversed.